DAVIS WRIGHT TREMAINE LLP
  Jacob M. Harper (SBN 259463)
  *jacobharper@dwt.com*
  Heather F. Canner (SBN 292837)
  *heathercanner@dwt.com*
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*Walmart Inc.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 1:24-at-270<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Tuolumne, Case No. CV65903]<br><br>Compl. Filed:  February 20, 2024<br>Action Removed: March 29, 2024 |

WALMART INC.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Walmart Inc. (Walmart) hereby removes this action from the Superior Court of the State of California for the County of Tuolumne to the United States District Court for the Eastern District of California.

### State Court Action

1. On February 20, 2024, Plaintiff Matthew Hawkins commenced this action in the Superior Court of the State of California, County of Tuolumne, captioned *Matthew Hawkins v. Walmart Inc.*, Case No. CV65903 (the State Court Action). A true and correct copy of the original complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Mr. Hawkins served the Complaint on Walmart on February 29, 2024.

2. Mr. Hawkins alleges that he purchased a bottle of Walmart's Great Value Avocado Oil (Avocado Oil) from a Walmart store in Sonora, California. (Compl. ¶ 8.) He contends that, despite his beliefs that he was purchasing "pure avocado oil," the Avocado Oil was not pure avocado oil. (*Id.*) He claims he would not have purchased, or otherwise would have paid a lower price for, the Avocado Oil had he known that the product was not pure avocado oil. (*Id.*) Based on these allegations, Mr. Hawkins contends that Walmart has engaged in "misleading, false, unfair, and deceptive practices[.]" (*Id.*)

3. Mr. Hawkins brings claims on behalf of a putative class of California consumers for violations of California's (1) Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, *et seq.*, (2) Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and (3) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*, as well as claims for (4) breach of express warranty; (5) breach of implied warranty; and (6) intentional misrepresentation. (*Id.* ¶¶ 35–86.) Mr. Hawkins seeks, *inter alia*, "injunctive and other equitable relief," "all economic, monetary, actual, consequential, and compensatory

damages," "punitive damages," "nominal damages," "reasonable expenses and attorneys' fees," "pre and post-judgment interest," and "further relief that the Court may deem just and proper." (*Id.* at p. 17.) Walmart contends Mr. Hawkins's claims are meritless.

4. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Walmart in the State Court Action or found on the docket in that action are attached hereto:

    a. The Complaint is attached hereto as **Exhibit 1**;

    b. The Summons is attached hereto as **Exhibit 2**; and

    c. The Civil Case Cover Sheet is attached hereto as **Exhibit 3**; and

    d. The Delay Reduction Program Information and Order Setting First Case Management Conference Hearing is attached hereto as **Exhibit 4**.

5. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and the Eastern District of California encompasses the location in which the State Court Action is currently pending (i.e., Tuolumne County). *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 84(b) (setting the County of Tuolumne in the Eastern District).

**The Action Is Removable Under the Class Action Fairness Act**

6. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern

2

WALMART INC.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance." 28 U.S.C. § 1711, stat. note, subd. (b)(2).

7. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, each of these requirements is satisfied in this case.

### *The Minimal Diversity Requirement Is Satisfied*

9. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. Mr. Hawkins is a citizen and resident of California. (Compl. ¶ 7.) The putative class Mr. Hawkins seeks to represent comprises "[a]ll natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period," and "[a]ll natural persons who purchased at least one of the Class Products in the State of California, for personal, family, or household purposes, within the applicable statute of limitations period." (*Id.* ¶ 24.)

11. Walmart is a Delaware corporation with its headquarters and principal place of business in Bentonville, Arkansas. (*See id.* ¶ 11.) A corporation is a citizen of every state in which it is incorporated and of the state it has its principal

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

WALMART INC.'S NOTICE OF REMOVAL

place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, Walmart is a citizen of Arkansas and Delaware for purposes of determining diversity.

12. Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

### *Plaintiff's Proposed Class Exceeds 100 Members*

13. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]"

14. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

15. According to Mr. Hawkins, "[t]he number of individuals who purchased [the Avocado Oil] during the relevant time period is at least in the hundreds." (Compl. ¶ 28.)

16. Therefore, the members of Mr. Hawkins's proposed class exceed 100.

### *The Amount in Controversy Exceeds $5 Million*

17. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

18. For purposes of removal only, and without conceding that Mr. Hawkins or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and

4

WALMART INC.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Attebery v. US Foods, Inc.*, 2024 WL 863795, at *4 (E.D. Cal. Feb. 28, 2024) ("The amount in controversy is *not* the amount of damages the plaintiff will recover, nor is it 'a prospective assessment of defendant's liability[.]' Rather, it 'is simply an estimate of the total amount in dispute.'") (citations omitted).

19. Mr. Hawkins seeks compensatory damages. (Compl. at p. 17.) During 2021 through the present, which is the alleged class period, total sales of the Avocado Oil in California have exceeded $2,000,000. Per Mr. Hawkins's Complaint, he purchased the Avocado Oil for around $10 at a Walmart store in Sonora, California. (*Id.* ¶ 8.) Without conceding that the alleged measure of damages would be the proper measure of relief for any of the claims, it is reasonably possible that aggregated compensatory damages for the putative class alone would exceed $2,000,000 in liability.

20. The Complaint also seeks punitive damages. (*Id.* at p. 17.) The Court may consider punitive damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Gibson v. Chrysler Corp*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy).

21. Juries regularly award punitive damages in cases involving CLRA claims at ratios higher than 1:1 compared to compensatory damages. *See, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (defendant satisfied its burden of establishing the amount in controversy on removal "by citing four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA."). Thus, without conceding that Mr. Hawkins's alleged measure of damages would be the proper measure of relief for any of his claims, or

5

WALMART INC.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that he or any putative plaintiff are entitled to any relief, it is reasonably possible that Walmart could be liable for punitive damages exceeding $2,000,000.

22. Similarly, in the Ninth Circuit, attorneys' fees may be included in the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). "The Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in common fund cases." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (9th Cir. 1995); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (same); *Schiller v. David's Bridal, Inc.*, 2012 WL 2117001, at *16 (E.D. Cal. June 11, 2012) (same). Thus, attorneys' fees in the amount of 25 percent of the possible common fund should be included in the amount in controversy here. Because it is reasonably possible that the common fund could amount to at least $4,000,000 (compensatory and punitive damages) attorneys' fees would amount to at least $1,000,000. This comports with numerous class action cases involving California consumer protection statute causes of action (such as claims under the UCL, CLRA, and warranties) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,000,000 million in attorneys' fees. *See, e.g.*, *Demaria v. Big Lot Stores – PNS, LLC*, 2023 WL 6390151, at *3 (E.D. Cal. Sept. 29, 2023) (amount-in-controversy requirement met using 25% of damages to calculate in excess of $1.8 million in potential attorneys' fees); *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *10 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *11 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

23. Injunctive relief also makes the case exceed the amount-in-controversy. "When the plaintiff seeks injunctive relief, the cost of complying with

WALMART INC.'S NOTICE OF REMOVAL

the injunction is included in the amount in controversy." *Martinez v. Johnson & Johnson Cons., Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)).  If injunctive relief were granted, it would involve changing the labels and marketing of the Avocado Oil sold in California.  The cost of any such proposed injunction (e.g., revisions to marketing, additional disclosures, and impacts resulting from the changes in marketing) is substantial and further indicates the amount in controversy is exceeded.  *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("[W]here the value of plaintiff's recovery … is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds the amount, it is the latter that represents the amount in controversy for jurisdictional purposes.").

24. In sum, based on Mr. Hawkins's pleaded assertions and theories of recovery, the amount in controversy exceeds $5,000,000.

### *Exceptions to Jurisdiction Do Not Apply*

25. The complete diversity between Mr. Hawkins and Walmart not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Mr. Hawkins would bear the burden of proof in any event.

### **Walmart Satisfies the Requirements of 28 U.S.C. § 1446**

26. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

27. This Notice of Removal has been filed within 30 days of February 29, 2024, the date Mr. Hawkins served the Complaint on Walmart.  *See* 28 U.S.C. § 1446(b)(2)(B).

28. Concurrently with the filing of this Notice, Walmart is giving written notice to all adverse parties of the filing of this Notice.  Additionally, a copy of the

7

WALMART INC.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Tuolumne. *See* 28 U.S.C. § 1446(d).

29. The removal of this action terminates all proceedings in the Superior Court of the State of California, County of Tuolumne. *Id.*

30. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Walmart's right to assert any defenses or objections, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-entitled action is removed from the Superior Court of the State of California, County of Tuolumne to the United States District Court for the Eastern District of California.

DATED: March 29, 2024

DAVIS WRIGHT TREMAINE LLP

By: */s/ Heather F. Canner*
    Jacob M. Harper, SBN #259463
    Heather F. Canner, SBN #292837

*Attorneys for Defendant Walmart Inc.*

8

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

WALMART INC.'S NOTICE OF REMOVAL

# PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of King, State of Washington. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 300, 920 Fifth Avenue, Seattle, Washington 98104-1610.

On March 29, 2024, I served the foregoing documents as follows:

## DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

by placing a **true copy** of said document enclosed in a sealed envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| **The Wand Law Firm, P.C.**<br>Aubry Wand<br>100 Oceangate, Suite 1200<br>Long Beach, CA 90802<br>Telephone: (310) 590-4503<br>Email: awand@wandlawfirm.com | **Faruqi & Faruqi, LLP**<br>Lisa T. Omoto<br>1901 Avenue of the Stars, Suite 1060<br>Los Angeles, CA 90067<br>Telephone: (424) 256-2884<br>Email: lomoto@faruqilaw.com |

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2024, at Seattle, Washington.

| Lorrie Salinas-Malins | *[signature]* |
|---|---|
| Print Name | Signature |

9

WALMART INC.'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899