**FARUQI & FARUQI, LLP**
Lisa T. Omoto (SBN 303830)
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424) 256-2884
Email: lomoto@faruqilaw.com

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
100 Oceangate, Suite 1200
Long Beach, CA 90802
Telephone: (310) 590-4503
Email: awand@wandlawfirm.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>    Defendant. | CASE NO.: 1:24-cv-00374-KES-SKO<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:    June 10, 2024<br>Time:    1:30 p.m.<br>Place:    Courtroom 6<br>        2500 Tulare Street<br>        Fresno, CA 93721 |

**PLEASE TAKE NOTICE THAT** on June 10, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Kirk E. Sherriff of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, CA 93721, Courtroom 6, Plaintiff Matthew Hawkins ("Plaintiff"), on behalf of himself and the putative class, will move the Court to remand this action to Tuolumne County Superior Court.

This Motion is based upon the below Memorandum of Points and Authorities, the Declaration of Lisa T. Omoto, the complete files and records of this case, and any other evidence or oral argument which may be considered by the Court at the time of the hearing.

DATED: April 24, 2024                     Respectfully submitted,

                                          **FARUQI & FARUQI LLP**


                                          By: /s/ *Lisa T. Omoto*
                                               Lisa T. Omoto


                                          **THE WAND LAW FIRM, P.C.**
                                          Aubry Wand


                                          *Attorneys for Plaintiff and the Putative Class*

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
ACTION TO STATE COURT

## <u>MEET AND CONFER CERTIFICATION OF COUNSEL</u>

The undersigned counsel certifies that she and counsel for Defendant, Heather Canner, spoke via Teams video conference on April 19, 2024, in an attempt to avoid Plaintiff having to file this motion. The parties were unable to reach an agreement and the instant motion is necessary.

DATED: April 24, 2024                    **FARUQI & FARUQI LLP**

By: *<u>/s/ Lisa T. Omoto</u>*
   Lisa T. Omoto

**THE WAND LAW FIRM, P.C.**
Aubry Wand

*Attorneys for Plaintiff and the Putative Class*

2

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ........................................................................................................... 1

II.  PROCEDURAL BACKGROUND ................................................................................ 1

III. LEGAL STANDARD ................................................................................................... 1

IV.  ARGUMENT ................................................................................................................ 2

    A.   Walmart Submits No Evidence in Support of Its Calculations ............................... 2

    B.   Walmart's Calculations Are Based on Flawed Assumptions.................................... 3

V.   CONCLUSION ............................................................................................................. 5

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                                                                    **Page(s)**

3
*Aseltine v. Panera, LLC,*
   No. 21-cv-04284-JST, 2021 WL 8267421 (N.D. Cal. Dec. 13, 2021) ........................................ 4
4

5
*Calagno v. Rite Aid Corp.,*
   No. 4:20-cv-05476-YGR, 2020 WL 6700451 (N.D. Cal. Nov. 13, 2020)................................... 4

6
*Dart Cherokee Basin Operating Co., LLC v. Owens,*
   574 U.S. 81 (2014) ............................................................................................................... 3
7

8
*Fritsch v. Swift Transp. Co. of Ariz. ,LLC,*
   899 F.3d 785 (9th Cir. 2018) ............................................................................................ 2, 4
9

10
*Hadley v. Kellogg Sales Co.,*
   324 F.Supp.3d 1084 (N.D. Cal. 2018)................................................................................... 4

11
*Ibarra v. Manheim Invs., Inc.,*
   775 F.3d 1193 (9th Cir. 2015)............................................................................................ 2, 3
12

13
*Juan Jose Diaz, Jr. v. Walmart, Inc.,*
   EDCV 22-45 JGB, 2022 WL 392437 (C.D. Cal. Feb. 8, 2022) ................................................ 3
14

15
*King v. Great American Chicken Corp., Inc.,*
   903 F.3d 875 (9th Cir. 2018) ................................................................................................ 3

16
*Paz v. Playtex Prods., Inc.,*
   No. 07cv2133 JM (BLM), 2008 WL 111046 (S.D. Cal. Jan. 10, 2008)...................................... 4
17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
ACTION TO STATE COURT

## I.  <u>INTRODUCTION</u>

Plaintiff Matthew Hawkins ("Plaintiff") respectfully requests that the Court remand this action because Walmart, Inc. ("Walmart" or "Defendant") has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA"). As explained below, Walmart's conclusory calculations lack evidentiary support, and are, in any event, based on speculative and/or flawed assumptions, thereby forcing Plaintiff and the Court to speculate as to whether the minimum CAFA jurisdictional threshold is met. However, the U.S. Supreme Court and the Ninth Circuit have expressly held that CAFA jurisdiction cannot be predicated on guesswork or factually unreasonable assertions. Accordingly, the Court should remand this action to Tuolumne County Superior Court.

## II.  <u>PROCEDURAL BACKGROUND</u>

On February 20, 2024, Plaintiff filed a class action complaint in Tuolumne County Superior Court, alleging that Walmart falsely and deceptively labeled its Great Value Avocado Oil as pure avocado oil ("Class Product" or "Avocado Oil"), when it is adulterated with other oils. ECF No. 1-1 ("Complaint") ¶¶ 1-3.

On March 29, 2024, Walmart removed this action on the grounds that the Court has original jurisdiction pursuant to the CAFA. ECF No. 1 ("Notice of Removal") ¶ 6.

On April 1, 2024, the Court issued a Mandatory Scheduling Conference Order, setting a Scheduling Conference for July 2, 2024. ECF No. 3.

On April 1, 2024, Walmart filed a stipulation extending the time for it respond to the Complaint to April 29, 2024, and agreeing (subject to the Court's availability) to notice a hearing on a motion to dismiss (should it file one) for August 14, 2024. ECF No. 4.

On April 19, 2024, the Parties met and conferred on Plaintiff's Motion to Remand pursuant to the Court's standing order. Declaration of Lisa T. Omoto ("Omoto Decl.") ¶ 4.

## III.  <u>LEGAL STANDARD</u>

Federal courts have original jurisdiction under CAFA in class actions where the number of proposed class members is greater than 100, there is a diversity of citizenship between any member of the class and any defendant, and the amount in controversy is more than $5,000,000, exclusive of interests

1

and costs. 28 U.S.C. § 1332(d); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). To meet this burden with respect to the $5 million threshold, a removing defendant must "prove that the amount in controversy…exceeds the jurisdictional threshold by a preponderance of the evidence," using "summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199. "If the district court decides that a removed case does not satisfy the requirements for removal, the court must remand the action to state court." *Fritsch*, 899 F.3d at 789.

## IV.    ARGUMENT

Walmart's removal is based solely on CAFA jurisdiction. Notice of Removal ¶¶ 5, 6. Walmart contends that the amount in controversy exceeds $5 million based on the following assertions:

- Aggregate compensatory damages (i.e., total sales of the Class Product) exceed $2 million. *Id.* ¶ 19.

- Punitive damages exceed $2 million. *Id.* ¶ 21.

- Attorneys' fees are at least $1 million (25% of the $4 million in compensatory and punitive damages enumerated above). *Id.* ¶ 22.

- "Substantial" injunctive relief based on changes to labeling and marketing of the Class Products in an undefined dollar amount. *Id.* ¶ 23.

Here, Plaintiff only contests that Walmart has satisfied its burden of proof with respect to the amount in controversy requirement. However, should Walmart later raise arguments that provide an alternative basis for remand, Plaintiff reserves the right to make additional arguments at that time. As explained below, none of Walmart's amount in controversy calculations have evidentiary support, and even if they did, they are based on speculative and/or flawed assumptions. Thus, the amount in controversy requirement is not satisfied.

### A.    Walmart Submits No Evidence in Support of Its Calculations

Walmart submits no declarations, or any other admissible evidence, to support its calculation of compensatory damages—i.e., that "total sales of the Avocado Oil in California have exceeded $2,000,000." Notice of Removal ¶ 19. "When, as here, 'a defendant's assertion of the amount in

2

controversy is challenged...both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Plaintiff does not currently possess sales figures for the Class Product, but presumably Walmart does, otherwise, the proposition that total sales exceed $2 million would be a guess. Further, Walmart's counsel has made the same or similar generalized assertion of $2 million in compensatory damages in three other unrelated consumer class action cases involving different products, Omoto Decl. ¶ 5, which at least calls into question whether the $2 million figure in this case is grounded in fact.

Thus, the onus is on Walmart to submit admissible evidence demonstrating that the likelihood that compensatory damages exceed $2 million. In the alternative, Plaintiff respectfully requests that the Court order the Parties to engage in some narrowly-tailored jurisdictional discovery. *King v. Great American Chicken Corp., Inc.*, 903 F.3d 875, 881 (9th Cir. 2018).

**B.    Walmart's Calculations Are Based on Flawed Assumptions**

Walmart's calculations independently fail because they are based on speculation and flawed assumptions. *Ibarra*, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.") (citations omitted). *See also Juan Jose Diaz, Jr. v. Walmart, Inc.*, No. EDCV 22-45 JGB, 2022 WL 392437, at *3 (C.D. Cal. Feb. 8, 2022) (granting motion to remand where Walmart provided "exceedingly speculative" estimates in support of the purported amount in controversy).

Walmart tacitly acknowledges this, arguing that it "is ***reasonably possible*** that aggregated compensatory damages for the putative class alone would exceed $2,000,000 in liability." Notice of Removal ¶ 19 (emphasis added). However, the preponderance of the evidence standard applies. *Fritsch*, 899 F.3d at 788-89 ("If the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.'") (quotation omitted).

In any event, Walmart's calculations are premised on at least three speculative and/or flawed assumptions. ***First***, citing the Complaint, Walmart claims that Plaintiff paid $10 for the Class Product,

3

but it provides no information about how many units have been sold, without which, sales price alone is meaningless. Notice of Removal ¶ 19.

*Second*, Walmart erroneously assumes that compensatory damages are the Class Product's full sales price, but it is clear on the face of the Complaint that Plaintiff seeks a price premium. Complaint ¶¶ 20, n.2, 23 (alleging that Plaintiff and consumers paid a price premium—not the full price—based on the challenged claim). Further, as a legal matter, the price premium is the proper measure of damages in a consumer false advertising class action like this one. *Hadley v. Kellogg Sales Co.*, 324 F.Supp.3d 1084, 1104 (N.D. Cal. 2018). Accordingly, calculating compensatory damages as the Class Product's full sale price (as Walmart does here) is unsupported by the allegations in the Complaint, is untenable under the law, and artificially inflates the amount in controversy. *See, e.g.*, *Calagno v. Rite Aid Corp.*, No. 4:20-cv-05476-YGR, 2020 WL 6700451, at *3 (N.D. Cal. Nov. 13, 2020) (remanding consumer false labeling class action and holding that the argument that damages should be calculated "based on the *full* purchase price of the [product]…[was] without merit."); *Paz v. Playtex Prods., Inc.*, No. 07cv2133 JM (BLM), 2008 WL 111046, at *3–4 (S.D. Cal. Jan. 10, 2008) (rejecting defendant's argument that damages should equal gross sales revenue of the products and holding that proper means of calculating damages was the difference between the value of the product with and without the challenged representation); *Aseltine v. Panera, LLC*, No. 21-cv-04284-JST, 2021 WL 8267421, at *3 (N.D. Cal. Dec. 13, 2021) (remanding consumer protection class action and holding that compensatory damages calculation is not equal to the full amount of the deceptively charged delivery fee as there was some benefit provided by the delivery).

*Third*, Walmart's punitive damages and attorneys' fees calculations fail because they are tethered to its flawed compensatory damages calculation. As Walmart acknowledges, punitive damages must be calculated as a ratio of actual damages. Notice of Removal ¶ 21 (articulating a 1:1 ratio). Walmart also assumes that attorneys' fees will be 25% of total damages. *Id.* ¶ 22. In short, Walmart's punitive damages and attorneys' fees calculations are unreliable because they are derivative of its erroneous compensatory damages calculation. *See Aseltine*, 2021 WL 8267421, at *3 (calculating punitive damages and attorneys' fees based on reduction in compensatory damages).

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
ACTION TO STATE COURT

1

**V.    <u>CONCLUSION</u>**

2       For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion,

3   and remand this action to Tuolumne County Superior Court. In the alternative, Plaintiff respectfully

4   requests the opportunity to submit further briefing and evidence after having completed narrowly-

5   tailored jurisdictional discovery.

6

7   DATED: April 24, 2024                    **FARUQI & FARUQI LLP**

8                                            By: <u>*/s/ Lisa T. Omoto*</u>
                                                 Lisa T. Omoto
9
                                             **THE WAND LAW FIRM, P.C.**
10                                           Aubry Wand

11                                           *Attorneys for Plaintiff and the Putative Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
ACTION TO STATE COURT