JACOB M. HARPER (State Bar No. 259463)
    jacobharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
    heathercanner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
WALMART INC.

IN THE UNITED STATES DISTRICT COURT

THE EASTERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WALMART INC., a corporation; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 1:24-CV-00374-KES-SKO<br><br>**WALMART INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  August 26, 2024<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 6<br><br>Assigned to the Hon. Kirk E. Sherriff<br><br>Action Filed:  February 20, 2024<br>Action Removed: March 29, 2024 |

# NOTICE OF MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on August 26, 2024, at 1:30 p.m. in Courtroom 6 of the above-captioned Court, located at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, defendant Walmart Inc. ("Walmart") will and hereby does move the Court for an order dismissing the Complaint filed by plaintiff Matthew Hawkins with prejudice, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

Mr. Hawkins asserts six causes of action, purportedly on behalf of a putative California class, for violations of California's (1) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) Consumer Legal Remedies Act, Cal. Civ. Proc. Code § 1750, *et seq.*, as well as claims for (4) breach of express warranty; (5) breach of implied warranty; and (6) intentional misrepresentation.  The Motion is made on the grounds that Mr. Hawkins fails to state a claim upon which relief can be granted for any of his claims, and the Complaint should be dismissed in its entirety with prejudice.  In particular:

1.  All of Mr. Hawkin's claims fail because he has not plausibly alleged that reasonable consumers would be misled by the Great Value Refined Avocado Oil, under either Federal Rule of Civil Procedure 8(a) or 9(b).

2.  Mr. Hawkins fails to allege a breach of the implied warranty of merchantability;

3.  Mr. Hawkins also fails to state his claim for intentional misrepresentation because he does not allege the requisite fraudulent intent.

4.  Mr. Hawkins fails to sufficiently allege his claims for equitable relief.

5.  Mr. Hawkins fails to sufficiently allege his claims for punitive damages.

6.  Mr. Hawkin's lawsuit amounts to an improper lack of substantiation claim.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any oral argument at the hearing on the Motion, and any further matters of which this Court may take judicial notice.

Pursuant to the Court's Standing Order section I.C (ECF No. 3), counsel for Walmart certifies that meet and confer efforts have been exhausted.  Prior to filing this Motion, counsel

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

i

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for the parties met and conferred on a video conference on April 19, 2024 to discuss Walmart's anticipated grounds for this Motion to Dismiss.  Counsel for the parties discussed the grounds for dismissal to determine whether they could reach any potential resolution regarding the grounds for dismissal, or potentially narrow the issues for the Motion.  Despite their good faith conferral, counsel for the Parties were unable to reach resolution, necessitating that Walmart file this Motion for resolution by the Court.

DATED: April 29, 2024                    DAVIS WRIGHT TREMAINE LLP
                                         JACOB M. HARPER
                                         HEATHER F. CANNER

                                         By: _s/ Jacob M. Harper_____
                                              Jacob M. Harper

                                         Attorneys for Defendant
                                         Walmart Inc.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

ii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL ALLEGATIONS ................................................................................ 2

    A.    Walmart Sells Great Value Refined Avocado Oil in its California Stores. ............ 2

    B.    Mr. Hawkins Files a Complaint Vaguely Claiming the Avocado Oil Is Not "Pure." ......................................................................................................... 2

    C.    Walmart Timely Removes, and Mr. Hawkins Refuses to Substantiate His Testing Allegations. ........................................................................................... 3

III.  THE COURT SHOULD DISMISS THE COMPLAINT WITH PREUDICE ........... 4

    A.    All the Claims Fail Under the Reasonable Consumer Test. .................................... 4

        1.    Legal Standards:  Plausibility, The Reasonable Consumer Test, and Rule 9(b). ................................................................................................... 5

        2.    Mr. Hawkins's Threadbare Allegations Fail to Show *How*  or *Why* the Label Is Misleading. ...................................................................................... 6

            a.    The "Testing" Fails Plausibility Standards. ..................................... 7

            b.    The Allegations Fail to Provide Sufficient Notice. .......................... 9

            c.    The Allegations Preclude a Showing of Materiality. ..................... 10

    B.    Mr. Hawkins's Claims Fail for Additional, Claim-Specific Reasons. .................. 11

        1.    Mr. Hawkins's Implied Warranty Claim Fails. ......................................... 11

        2.    Mr. Hawkins Fails to Allege the Fraudulent Intent Required to State His Intentional Misrepresentation Claim. ......................................................... 12

        3.    Mr. Hawkins's Claims for Equitable Relief Fail. ...................................... 13

        4.    The Claim For Punitive Damages Is Subject to Dismissal. ....................... 14

    C.    This Lawsuit Amounts To an Improper Request That Walmart Substantiate Its Product Ingredients. ................................................................................... 15

IV.   CONCLUSION ................................................................................................... 16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

**Cases**

*Aloudi v. Intramedic Research Grp.*,
 2016 WL 1569981 (N.D. Cal. Apr. 19, 2016), *aff'd* 729 F. App'x 514 (9th Cir. 2017)......... 15

*Aloudi v. Intramedic Research Grp.*,
 729 F. App'x 514 (9th Cir. 2017)....................................................................................... 7, 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................................................... 5, 11

*Beasley v. Conagra Brands, Inc.*,
 374 F. Supp. 3d 869 ............................................................................................................... 6

*Beasley v. Tootsie Roll Indus., Inc.*,
 85 Cal. App. 5th 901 (2022).................................................................................................. 12

*Becerra v. Dr Pepper/Seven Up, Inc.*,
 945 F.3d 1225 (9th Cir. 2019)................................................................................................ 5

*Bly-Magee v. California*,
 236 F.3d 1014 (9th Cir. 2001)................................................................................................ 9

*Brod v. Sioux Honey Ass'n Co-op.*,
 927 F. Supp. 2d 811 (N.D. Cal. 2013) .................................................................................. 10

*Cervantes v. Countrywide Home Loans, Inc.*,
 656 F.3d 1034 (9th Cir. 2011) .............................................................................................. 16

*Chapman v. Skype, Inc.*,
 220 Cal. App. 4th 217 (2013)................................................................................................ 13

*Ebner v. Fresh, Inc.*,
 838 F.3d 958 (9th Cir. 2016)............................................................................................... 5, 6

*Figy v. Frito-Lay North America*,
 67 F. Supp. 3d 1075 (N.D. Cal. 2014) .............................................................................. 10, 11

*Foskaris v. Experian Info. Sol'ns, Inc.*,
 808 F. App'x 436 (9th Cir. 2020)........................................................................................... 16

*Hadley v. Kellogg Sales Co.*,
 243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................................................. 5, 10

*Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.*,
 2020 WL 1820124 (S.D. Cal. Apr. 10, 2020) ....................................................................... 14

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Hayden v. Bob's Red Mill Natural Foods, Inc.*,
    2024 WL 1643696 (N.D. Cal. Apr. 16, 2024) ............................................................. 12

*In re Vioxx Class Cases*,
    180 Cal. App. 4th 116 (2009) ................................................................................. 14

*Kwan v. SanMedica Int'l*,
    854 F.3d 1088 (9th Cir. 2017) ........................................................................ 2, 15, 16

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ................................................................................... 6

*Lazo v. Bank of Am., N.A.*,
    2012 WL 1831577 (N.D. Cal. May 18, 2012) ......................................................... 13

*Martin v. Omnit Labs Inc.*,
    2023 WL 8190712 (C.D. Cal. Oct. 18, 2013) ........................................................... 7

*McConnon v. The Kroger Co.*,
    No. 2:24-cv-2601 (C.D. Cal.) ................................................................................. 4

*Meyer v. Colavita, Inc.*,
    2011 WL 13216980 (S.D. Fla. Sept. 13, 2011) ............................................... 7, 8, 9

*Mocek v. Alfa Leisure, Inc.*,
    114 Cal. App. 4th 402 (2003) ................................................................................. 12

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ..................................................................................... 5

*Myers-Taylor v. Ornua Foods N. Am., Inc.*,
    2019 WL 424703 (S.D. Cal. Feb. 4, 2019) ............................................................. 11

*N. Am. Co. for Life & Health Ins. V. Xiaocui Zhang*,
    2019 WL 1060616 (C.D. Cal. Jan. 3, 2019) ........................................................... 14

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,
    107 Cal. App. 4th 1336 (2003) ............................................................................... 16

*Nazemi v. Specialized Loan Serv'g, LLC*,
    637 F. Supp. 3d 856 (C.D. Cal. 2022) ................................................................... 12

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) ..................................................................... 6

*Rausch v. Flatout, Inc.*,
    660 F. Supp. 3d 855 (N.D. Cal. 2023) ................................................................... 14

*Robinson v. Unilever U.S., Inc.*,
    2019 WL 8012687 (C.D. Cal. Aug. 21, 2019) ......................................................... 5

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Salameh v. Tarsadia Hotel,*
    726 F. 3d 1124 (9th Cir. 2013) ................................................................. 6

*Scheibe v. Performance Enhancing Supp., LLC,*
    2023 WL 3829694 (S.D. Cal. June 5, 2023) ....................................... 9, 13

*Sonner v. Premier Nutrition Corp.,*
    971 F.3d 834 (9th Cir. 2020) ............................................................ 13, 14

*Svensrud v. Frito-Lay N. Am., Inc.,*
    2020 WL 8575056 (C.D. Cal. Dec. 21, 2020) ....................................... 10

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.,*
    992 F. Supp. 2d 962 (C.D. Cal. 2014) ................................................ 12, 13

*Tran v. Sioux Honey Assoc. Coop.,*
    471 F. Supp. 3d 1019 (C.D. Cal. 2020) ................................................. 11

*Viggiano v. Hansen Nat. Corp.,*
    944 F. Supp. 2d 877 (C.D. Cal. 2013) .................................................... 12

**Statutes**

28 U.S.C. § 1332(d)(2) ...................................................................................... 3

California Business & Professions Code
    § 17200 ............................................................................................... 1, 3
    § 17500 ............................................................................................... 1, 3

California Civil Code § 3294 ............................................................................ 14

California Code of Civil Procedure § 1750 ................................................... 1, 3

**Rules**

Federal Rules of Civil Procedure
    8 ........................................................................................................ 1, 9
    8(a) .................................................................................................. 1, 11
    9 ............................................................................................................ 1
    9(b) .............................................................................................. *passim*
    11 ......................................................................................................... 4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Matthew Hawkins brings this putative class action alleging that defendant Walmart Inc.'s Great Value Refined Avocado Oil misrepresented that it was "pure avocado oil," but the complaint fails at the outset for one basic reason:  The avocado oil is, in fact, nothing but avocado oil—and, on scrutiny under basic pleading standards, Mr. Hawkins makes no plausible factual allegations to the contrary.  The claims should be dismissed, with prejudice.

For starters, Mr. Hawkins makes no plausible allegation the label is false or misleading to reasonable consumers, as he is required to do to state all six[1] of the claims he brings.  Most problematic, he fails to make any viable allegation that survives even Rule 8 requirements that the avocado oil he actually purchased was adulterated at all; instead, he relies on vague references to "testing" of *other* oils that do not reasonably implicate his own, then improperly attempts to extrapolate the supposed results of those tests to his own bottle, an improper basis for a complaint that fails Rule 8 and Rule 9 pleading standards and has prompted dismissals for over a decade.  Beyond that, he fails to allege the basic factual allegations required to state consumer deception in several ways:  He fails to allege facts showing how and why Walmart's Great Value Refined Avocado Oil is not "pure avocado oil."  He does not allege what component renders the avocado oil allegedly impure, how much any bottle allegedly contains, or why it renders the avocado oil purportedly not "pure."  In other words, he pleads no facts to support falsity whatsoever.  In short, Mr. Hawkins's conclusory and sparse allegations fail to reach the Rule 8(a) and 9(b) pleading standards.

Mr. Hawkins's claims also fail for additional, independent reasons warranting dismissal.  His claim for breach of the implied warranty of merchantability fails because he does not allege, as he must to state a breach, that the Avocado Oil was not fit for consumption.  His intentional misrepresentation claim fails because Mr. Hawkins fails to allege facts to plausibly plead the

---

[1] For violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*; and Consumer Legal Remedies Act (CLRA), Cal. Civ. Proc. Code § 1750, *et seq.*, as well as breach of express, breach of the implied warranty of merchantability, and intentional misrepresentation.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requisite fraudulent intent. He fails to state a claim for equitable relief, because he does not allege that he has an inadequate remedy at law; in fact, his allegations demonstrate the opposite. This precludes his claims under the FAL and UCL, as well as his claim for equitable relief under the CLRA. And the claim for punitive damages is not sufficiently alleged, as he fails to allege any facts demonstrating Walmart's willful or malicious conduct.

Last, as Mr. Hawkins has failed to affirmatively allege that the Avocado Oil's label claim is false, his lawsuit amounts to nothing more than an improper action seeking to force Walmart to substantiate its label—which claims are prohibited. His Complaint should be dismissed on this additional ground as well. *See, e.g.*, *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (California law does not "provide [consumers] with a private cause of action to enforce the substantiation provisions of California's unfair competition or consumer protection laws").

Walmart respectfully requests the Court dismiss the Complaint, with prejudice.

## II.    FACTUAL ALLEGATIONS

### A.    Walmart Sells Great Value Refined Avocado Oil in its California Stores.

Walmart operates retail stores throughout California and across the country. (Compl. ¶¶ 11–12.) Walmart sells third-party products, as well as its own products under private-label brand names, including the private-label brand name Great Value. (*See id.* ¶ 12.) Among those products, Walmart sells Great Value Refined Avocado Oil (the Avocado Oil) in a 25.5 oz. bottle. (*Id.* ¶¶ 1, 14.)

The front label of the Avocado Oil contains the statement that it is "Refined Avocado Oil." The back of the label includes an ingredient disclosure, which lists "avocado oil." (*Id.* ¶ 16.) It also states "MAY CONTAIN TRACES OF MILK, COCONUT, WHEAT, AND SOY." (*Id.*)

### B.    Mr. Hawkins Files a Complaint Vaguely Claiming the Avocado Oil Is Not "Pure."

Mr. Hawkins alleges that, "[i]n or around August 2023, [he] purchased a bottle of" the Great Value Refined Avocado Oil "at a Wal-Mart store in Sonora, California." (Compl. ¶ 8.) He contends that based on the name of the product "Avocado Oil" (which he refers to as the

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"*Avocado Oil Claim*"), he "reasonably believed" the Avocado Oil was "pure avocado oil," and "[t]his belief was an important part of his decision to purchase the" Avocado Oil.  (*Id.* ¶ 8.)  He alleges that "[h]ad [he] known that the Class Product is not pure avocado oil, he would not have purchased it, or would have paid less for it."  (*Id.*)

Mr. Hawkins does not allege, however, what is in his bottle, or any other Avocado Oil bottle, that renders it allegedly not "pure."  He alleges that he engaged "third party laboratories" to test some unspecified bottles of Avocado Oil, and confirmed that those bottles were somehow "not pure avocado oil."  (*Id.* ¶ 19.)  He provides no further explanation of how his "testing" could support the conclusion that any bottle of Avocado Oil is not pure avocado oil, let alone his own apparently untested bottle.  (*See id.*)  Elsewhere, he alleges that other bottles of the Avocado Oil are "adulterated" with "other" unidentified "oils."  (*Id.* ¶ 3.)  Again, he does not confirm or specify what he contends is wrong with his own bottle of avocado oil.  (*See id.*)  Nor does he allege what "other" "oil" is purportedly present in the product, how much, or how that renders the product "adulterated" and not "pure."  (*Id.*)

Based on these allegations, Mr. Hawkins brings claims, purportedly on behalf of a putative class of California consumers, for violation of the (1) False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; (2) Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*; and (3) Consumer Legal Remedies Act (CLRA), Cal. Civ. Proc. Code § 1750, *et seq.*, as well as claims for (4) breach of express warranty; (5) breach of implied warranty; and (6) intentional misrepresentation.  He seeks "injunctive and other equitable relief," "an award of all economic, monetary, actual, consequential, and compensatory damages," "punitive damages," "nominal damages," attorneys' fees and expenses, among other relief. (Compl. at 17.)

**C.    Walmart Timely Removes, and Mr. Hawkins Refuses to Substantiate His Testing Allegations.**

On March 29, 2024, Walmart filed a timely Notice of Removal pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2).  (*See* Notice, ECF No. 1.)  The Notice

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

explained, among other things, that removal was proper because the amount in controversy exceeded $5 million. (*Id.* ¶¶ 17–24.)

Both before and after this lawsuit was filed, Walmart has requested that Mr. Hawkins provide the testing he contends supports his claims (or any other evidence to support his claims as required to comply with Federal Rule of Civil Procedure 11), as Walmart doubts that any such testing occurred, including because his counsel concurrently filed a nearly identical complaint against a different defendant, The Kroger Co., based on different avocado oil product, in *McConnon v. The Kroger Co.*, No. 2:24-cv-2601 (C.D. Cal.), with equally vague "testing" allegations. To date, Mr. Hawkins has refused to provide anything to demonstrate the factual basis for his claims.

On April 19, 2024, counsel for the parties met and conferred regarding Walmart's anticipated motion to dismiss. The parties could not reach resolution, necessitating this Motion to Dismiss with prejudice.

### III.    THE COURT SHOULD DISMISS THE COMPLAINT WITH PREUDICE.

Mr. Hawkins's claims should be dismissed with prejudice. (A) All his claims fail because he fails to plausibly allege that the Avocado Oil lacks avocado oil, much less plead that the label would mislead a significant portion of reasonable consumers. (B) His claims fail for additional, claim-specific reasons, including (1) he fails to allege a breach of the implied warranty of merchantability; (2) he fails to allege additional elements of his intentional misrepresentation claim; (3) he has not and cannot sufficiently allege his claims for equitable relief; and (4) he fails to state his claim for punitive damages. (C) His claims amount to lack of substantiation claims, which are prohibited.

#### A.    All the Claims Fail Under the Reasonable Consumer Test.

Mr. Hawkins's claims fail because he does not (and cannot) plausibly allege how any bottle of Avocado Oil, much less the bottle he purchased, is "not pure avocado oil," as he must to plead the consumer deception required to state all his claims.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1.   **Legal Standards:  Plausibility, The Reasonable Consumer Test, and Rule 9(b).**

The Court must draw on three pleading requirements in assessing Mr. Hawkins's claims.

*1.  Plausibility.*  To survive a motion to dismiss, "the plaintiff [must] plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court need not accept as true "bare assertions" or conclusions of law.  *Id.* at 680–81.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—the pleader is entitled to relief."  *Id.* at 678–79 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility").  For consumer mislabeling claims, like Mr. Hawkins's here, a plaintiff must allege facts demonstrating a "plausible" claim that the label is false or misleading under the reasonable consumer test to survive a motion to dismiss.  *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019) (affirming dismissal for failure to plausibly allege consumer deception; "without this piece of the puzzle, Becerra's consumer-fraud claims fail"); *Moore v. Trader Joe's Co.*, 4 F.4th 874, 885 (9th Cir. 2021) (same).

*2.  The Reasonable Consumer Test.*  To state his claims here, Mr. Hawkins must satisfy the "reasonable consumer test," which requires he allege facts showing consumers "are likely to be deceived."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of CLRA, UCL, and FAL claims based on failure to plausibly plead consumer deception); *Robinson v. Unilever U.S., Inc.*, 2019 WL 8012687, at *3 (C.D. Cal. Aug. 21, 2019) (dismissing warranty and fraud claims on this basis).[2]  "This is not a negligible burden."  *Moore*

---

[2] Mr. Hawkins alleges a violation of the UCL under all three prongs: fraudulent, unfair, and unlawful (for violations of the FAL and CLRA).  All three rise and fall together.  Indeed, where an unlawful UCL claim is premised on violations of FAL and CLRA, but those claims fail, so too does the unlawful UCL claim.  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017) (dismissing unfair UCL claim based on violation of CLRA and FAL where those claims failed).  And "where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices alleged in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL claim cannot survive if the claims under the other two prongs of the UCL do not survive."  *Id.* at 1104–05.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).  A plaintiff must plead "more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."  *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)).  "Rather, [it] requires a probability 'that a significant portion of reasonable consumers, acting reasonably in the circumstances, could be misled."  *Id.* (same).  "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate."  *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases).

    *3. Particularity Under Rule 9(b).*  Further, "[w]here, as here, a plaintiff's claims are grounded in fraud," they must also satisfy "the heightened pleading requirements of Rule 9(b)."  *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 881 (dismissing UCL, CLRA, FAL, and warranty claims for failure to plead with particularity as required under Rule 9(b)).  Thus, the "complaint must identify the who, what, when where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."  *Salameh v. Tarsadia Hotel*, 726 F. 3d 1124, 1133 (9th Cir. 2013).

    Mr. Hawkins's vague and conclusory allegations fail to meet these standards.

### 2.    Mr. Hawkins's Threadbare Allegations Fail to Show *How* or *Why* the Label Is Misleading.

    Mr. Hawkins's claims fail because he alleges no plausible facts (rather than conclusory statements and speculation) that Walmart's Avocado Oil is not avocado oil or contains something else.  To be clear, ***Mr. Hawkins never once makes the affirmative factual assertion he would need to state a claim: that the bottle of avocado oil he actually purchased lacks avocado oil or contains something other than avocado oil***.  Instead, he contrives a theory of adulteration based on alleged "testing" of some other products (not Mr. Hawkins's) that, even if credited as true, ***does not and cannot lead to the factual allegation or conclusion that the Walmart Avocado Oil that Mr. Hawkins purchased contains anything other than avocado oil.***  His allegations amount to the conclusory assertions that the avocado oil is not "pure avocado oil" because it contains an unidentified amount of some unidentified substance other than "pure

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

avocado oil"—but he fails to identify the *how* or *why*. Courts disregard such conclusory allegations, and the Court should do so here, because (a) Mr. Hawkins's extrapolation method lacks plausible foundation even on a motion to dismiss; (b) the allegations are so vague as to fail to give Walmart sufficient notice of his claims; and (c) his complaint forecloses a showing of materiality.

### a.    The "Testing" Fails Plausibility Standards.

The factual allegations fail to meet the standards for plausibility. To reach his conclusion that Mr. Hawkins's Avocado Oil contained something other than avocado oil, Mr. Hawkins alleges only that (a) independent laboratory "testing" purportedly shows that unspecified Avocado Oil bottles (not his own bottle) are somehow "not pure avocado oil" without any further explanation (Compl. ¶ 19); and, solely from that statement, reaches the conclusion that (b) that the Avocado Oil is "adulterated with other [unidentified] oils" (*id.* ¶ 2). Instead of relying on testing of his own product, he purports to extrapolate from unspecified testing of unspecified products in unspecified lots based on unspecified time, place, testing standards, and myriad other problems—but he has no facts confirming that such "testing" (even if it occurred) viably or properly led to the basis of his complaint: the *conclusion* that Walmart Avocado Oil contains anything but avocado oil. But his Complaint includes no such factual allegations whatsoever.

Courts have dismissed similar "testing"-based claims of oil adulteration for over a decade when they addressed a smattering of cases involving olive oil, in which plaintiffs claimed (as here) that unspecified tests suggested certain olive oil products had impure qualities. *See Aloudi v. Intramedic Research Grp.*, 729 F. App'x 514, 516 (9th Cir. 2017) (affirming dismissal where cited studies were insufficient to demonstrate the product plaintiff purchased was mislabeled, and plaintiff thus "fail[ed] to state a sufficiently plausible or specific claim of actual falsity"); *Martin v. Omnit Labs Inc.*, 2023 WL 8190712, at *5–7 (C.D. Cal. Oct. 18, 2013) (dismissing mislabeling claims where cited studies do not sufficiently support falsity). For example, in *Meyer v. Colavita, Inc.*, alleged olive oils had characteristics that suggested they contained oils other than "extra virgin" as the labels advertised. 2011 WL 13216980, at *1–3 (S.D. Fla. Sept.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

13, 2011).  To support their claims, plaintiffs relied on a study conducted at U.C. Davis on olive oils other than what plaintiff purchased and attempted to extrapolate to the particular bottle that the plaintiff purchased there (as Mr. Hawkins does here).  2011 WL 13216980, at *1–3.  There, as here, plaintiffs included threadbare allegations of the "testing" with insufficient detail or allegations to allow the court to determine whether the testing or study viably led to the conclusions plaintiffs drew.  In a detailed analysis that applies with full force here (and worth quoting in full), the court observed:

> Plaintiffs fail to plead anything other than unwarranted deductions of fact in support of their claims that Defendants have engaged in a deceptive act or unfair practice. Plaintiffs do not allege facts suggesting that the olive oil they purchased was not actually extra virgin olive oil. They do not plead facts indicating when, where, and what type of olive oil they purchased and whether the actual olive oil they purchased conformed with the identified standards. Rather, Plaintiffs support their claims with speculation and unwarranted extrapolation from the UC Davis Study's findings. Nevertheless, that study involved a very limited sampling of extra virgin olive purchased from three different cities in California. The sample sizes tested from each Defendant were very small. The results were also somewhat inconclusive. For example, some of Defendants' samples passed both the objective criteria and more subjective organoleptic criteria as meeting the standards for extra virgin olive oil. Others did not, but based upon failures of the more subjective test.  Defendants indicate that the IOC, which promulgates the seemingly most pertinent industry standards, has criticized the UC Davis Study as failing to include a statistically significant sample size and not conforming to its standardized sensory testing procedures. Nevertheless, even setting aside the flaws with the UC Davis Study, and assuming their results as true, the study paints a very incomplete picture from which one could at best infer that a portion of Defendants' extra virgin olive oil products, distributed and sold in certain locations in California, do not meet all of the standards promulgated by the IOC for extra virgin olive oil. This does little to support an inference that consumers purchasing Defendants' extra virgin olive oil in Florida have been wronged or sold "fake" olive oil. Plaintiffs make numerous conclusory allegations and assumptions based upon the UC Davis Study but without alleging any facts presenting a nexus or connection to Florida. There are no allegations that anyone in Florida purchased extra virgin olive that tasted bad, or was tested and failed to meet certain standards, or was in any other way "fake."

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Id.* at *5; *see also Aloudi*, 729 F. App'x 514 at 516 (affirming dismissal where cited study was insufficient to "state a sufficiently plausible or specific claim of actual falsity").

For Mr. Hawkins, the problems are worse than in *Meyer* because he does not even bother attaching the supposed "testing" (which Walmart doubts even exists), much less allege facts necessary to allow the court to assess the viability of the testing, extrapolations, or conclusions—such as "when where and what type of" oil used in the study; the "standards" used for testing; the "sample size" and any other "objective criteria"; and other necessary elements.

Same here, and Mr. Hawkins, like the olive oil plaintiffs, "***make[s] numerous conclusory allegations and assumptions based upon the [testing] but without alleging any facts presenting a nexus or connection to" Mr. Hawkins or the product he actually purchased***. *Meyer*, 2011 WL 13216980, at *5.

These conclusory and unsupported statements fail to push his claims across the Rule 8 and 9(b) thresholds. *See Scheibe v. Performance Enhancing Supp., LLC*, 2023 WL 3829694, at *3–4 (S.D. Cal. June 5, 2023) (plaintiff's conclusory allegations that "independent third-party" "testing has confirmed the malic acid" is the complained of "DL malic acid" were "conclusory" and failed under Rule 9(b)).

### b.    The Allegations Fail to Provide Sufficient Notice.

The insufficiently pleaded allegations also fail to provide mandatory notice to Walmart of the claims. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ("allegations …must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."). These allegations fail to identify *how* the avocado oil is not "pure" or is "adulterated"—in other words, Mr. Hawkins does not allege what component in the Avocado Oil renders it not "pure," why it renders the avocado oil not "pure," how much of any non-pure component is in the product, or what he has "tested" for and against what standards. He presents **no plausible theory of falsity at all.** These basic factual allegations are critical, including to put Walmart on notice of the claims; without these facts, Walmart is left guessing at Mr. Hawkins's theory of falsity and deception: how is the product "adulterated" or not "pure"?

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

What does he contend is in it besides refined avocado oil, if anything? How much? Is it, for example, a natural by-product of refining avocado oil? Does he allege merely a trace amount? Is it nothing at all?

Courts have repeatedly dismissed claims based on unsupported conclusions that a product lacks a quality or ingredient. In *Figy v. Frito-Lay North America*, 67 F. Supp. 3d 1075, 1089–90 (N.D. Cal. 2014), the court dismissed the plaintiffs' claims challenging the food products' "All Natural" labeling as misleading, because plaintiffs failed to allege "how or why the offending ingredients are unnatural." *Id.* at 1090. As the court explained:

> [Plaintiffs] have offered nothing more than conclusory assertions that the ingredients they complain of are unnatural. It is insufficient under Rule 9(b) to simply assert … that an ingredient is unnatural. Rather, Plaintiffs must plead *why* these allegedly offending ingredients are unnatural. Because Plaintiffs have not pleaded any facts explaining what these ingredients are and how they are unnatural, Plaintiffs 'All Natural' claims do not meet the standard set forth in [Rule 9(b)].

*Id.* (emphasis in original.). In other words, to sufficiently allege consumer deception, the plaintiffs were required to, at the very least, allege specifically what ingredients in the product are "unnatural" and specifically why they are unnatural; their failure to do so warranted dismissal. *See id.; see also Svensrud v. Frito-Lay N. Am., Inc.*, 2020 WL 8575056, at *4 (C.D. Cal. Dec. 21, 2020) (dismissing UCL, FAL, and CLRA claims as not "plausible" because plaintiff's "conclusory allegations were devoid of any facts suggesting the basis for her claim that the Product contains artificial cheddar"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1090–92 (N.D. Cal. 2017) (dismissing claim that product's health claims were misleading due to excessive "added sugar" under Rule 9(b) where plaintiff "inadequately alleged the amount of added sugar" in the products). Similarly, here, Mr. Hawkins was required to allege what components in the Avocado Oil were not "pure avocado oil" or why, and his claims likewise fail under all applicable pleading standards.

### c. The Allegations Preclude a Showing of Materiality.

Mr. Hawkins's failure to identify what renders the avocado oil not "pure" also precludes any showing of materiality, as required to meet the reasonable consumer standard. *Brod v. Sioux*

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Honey Ass'n Co-op.*, 927 F. Supp. 2d 811, 830 (N.D. Cal. 2013) (dismissing claim where the complaint "provides no indication that the presence or absence [of the allegedly missing ingredient] plays a substantial part in the reasonable consumer's decision to purchase honey"). Indeed, Mr. Hawkins provides no facts explaining what exactly consumers expected, how the Avocado Oil differs from that expectation, or how the differential is material, leaving fatal gaps in his pleadings. *See Myers-Taylor v. Ornua Foods N. Am., Inc.*, 2019 WL 424703, at *5 (S.D. Cal. Feb. 4, 2019) (plaintiff failed to satisfy Rule 9(b) where it "fails to offer an objective or plausible definition for the challenged label term"); *Tran v. Sioux Honey Assoc. Coop.*, 471 F. Supp. 3d 1019, 1026–28 (C.D. Cal. 2020) (explaining the word "pure" "has no fixed meaning" and granting summary judgment as plaintiff failed to offer evidence that consumers would not expect "trace amounts" of other ingredients). These defects are all the more critical, as the label expressly advises of the possibility of trace amounts of non-avocado oil components in the bottle. (Compl. ¶ 16 (alleging the back label states "MAY CONTAIN TRACES OF MILK, COCONUT, WHEAT AND SOY").)

Simply put, Mr. Hawkins fails to allege "what these [non-pure] ingredients are and how they are" not pure. *See Figy*, 67 F. Supp. 3d at 1090. His bare allegations "stop short of the line between possibility and plausibility" and fail to satisfy either Rule 8(a) or Rule 9(b). *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'"). As Mr. Hawkins fails to plausibly allege that his claims satisfy the reasonable consumer standard, let alone with the particularity required under Rule 9(b), the Court should dismiss all of his claims. Mr. Hawkins will be unable to cure these deficiencies, as the Avocado Oil is in fact avocado oil.

**B.    Mr. Hawkins's Claims Fail for Additional, Claim-Specific Reasons.**

**1.    Mr. Hawkins's Implied Warranty Claim Fails.**

Mr. Hawkins's implied warranty claim fails. Under California law, "an implied warranty of merchantability guarantees that 'consumer goods meet each of the following: (1) Pass without objection in the trade under the contract description, (2) are fit for the ordinary purposes for which such goods are used, (3) are adequately contained, packaged, and labeled, [and]

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

(4) conform to the promises or affirmations of fact made on the container or label." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003) (cleaned up). In short, "the implied warranty of merchantability … provides for a minimum level of quality." *Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 979 (C.D. Cal. 2014). "Thus, a plaintiff claiming a breach of an implied warranty of merchantability must show that the product 'did not possess even the most basic degree of fitness for ordinary use.'" *Id.* (quoting *Mocek*, 114 Cal. App. 4th at 406); *Beasley v. Tootsie Roll Indus., Inc.*, 85 Cal. App. 5th 901, 709 (2022) ("to breach the implied warranty, a product must lack 'even the most basic degree of fitness for ordinary use'").

For food products, a breach of the implied warranty of merchantability only occurs where the product is not fit for consumption. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (dismissing implied warranty claim as plaintiff does not "allege that the beverage was not drinkable"); *Hayden v. Bob's Red Mill Natural Foods, Inc.*, 2024 WL 1643696, at *10 (N.D. Cal. Apr. 16, 2024) (dismissing implied warranty claim where "Plaintiff has not plausibly pled that the Products are unsafe for consumption" because "level of cadmium" in the product not alleged to reach levels where "complained-of health risks occur").

Mr. Hawkins fails to allege the required breach, as he does not allege that Walmart's Avocado Oil lacks "even the most basic degree of fitness for ordinary use," nor does he allege that the Avocado Oil is not fit for consumption. Rather, he alleges that he still would have purchased the Avocado Oil even knowing it was not "pure," but simply would have paid less, which precludes his breach of implied warranty claim. (Compl. ¶ 78.) The claim thus should be dismissed on this additional basis.

### 2. Mr. Hawkins Fails to Allege the Fraudulent Intent Required to State His Intentional Misrepresentation Claim.

Mr. Hawkins's intentional misrepresentation claim fails for the additional reason that he fails to allege the requisite fraudulent intent. "[T]o plead a claim for intentional misrepresentation under California law, a plaintiff must plead (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Nazemi v. Specialized Loan Serv'g, LLC*, 637 F. Supp. 3d 856, 861 (C.D.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Cal. 2022) (quoting *Chapman v. Skype, Inc.*, 220 Cal. App. 4th 217, 230–31 (2013)).  A plaintiff thus must allege "specific facts to suggest" the plaintiff has the requisite "scienter."  *Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. May 18, 2012).  Where a plaintiff alleges only "conclusory" allegations of knowledge—i.e., the defendant "knowingly made a false representation"—the claim is subject to dismissal.  *Id.*; *accord Tae Hee Lee*, 992 F. Supp. 2d at 977 (dismissing fraud claim where "Plaintiffs [] failed to allege that [defendant] knew that what Plaintiffs argue are misrepresentations were made with knowledge of their falsity or that Toyota had the intent to defraud Plaintiffs").

Mr. Hawkins's allegations of knowledge fail to arise beyond conclusory allegations, and are insufficient.  First, he alleges "Walmart knew the *Avocado Oil Claim* was misleading … as evidenced by Walmart intentionally and conspicuously placing it on the packaging[.]"  (Compl. ¶ 84.)  This conclusory allegation is insufficient.  Second, he alleges that Walmart "knows, knew, or should have known" that the label "is false misleading."  (*Id.* ¶ 51; *accord id.* ¶ 41.)  This allegation is not only conclusory, but also undermines the knowledge requirement; it suggests that Walmart potentially had knowledge only *after* his purchase, which fails to plausibly suggest that Walmart had knowledge of falsity when the alleged representation was made.  In short, he fails to sufficiently allege intent and knowledge.

### 3.   Mr. Hawkins's Claims for Equitable Relief Fail.

Mr. Hawkins fails to allege facts sufficient to state a claim for equitable relief, which is fatal to his UCL and FAL claims in their entirety, as well as his other claims for equitable relief. A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).  At the pleadings stage, "plaintiff must, at a minimum, plead that he lacks adequate remedies at law if he seeks equitable relief."  *Scheibe*, 2023 WL 3829694, at *5.  In the absence of such allegations, claims for equitable relief should be dismissed.  *Id.* ("to the extent Plaintiff's claims seek equitable relief, they are dismissed because plaintiff failed to state a claim for equitable relief").  Thus, where, as here, a plaintiff "seeks the same sum in equitable restitution" as "requested in damages" for the same harm, without any other

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

explanation for how those damages are "inadequate" or "incomplete," dismissal is appropriate. *See Sonner*, 971 F.3d at 844 (affirming dismissal for claims of equitable restitution under the UCL and CLRA).

Mr. Hawkins's claims here suffer from the same pleading defect. He specifically seeks "damages" in the form of "the amounts paid" for the products (Compl. ¶ 86), as well as equitable restitution for the same amounts (*see id.* ¶¶ 43, 52, 60, 69, 86). He fails to allege any basis to plausibly state that such damages are "inadequate" or "incomplete," and he therefore has not and cannot plead that he lacks an adequate remedy at law as required to seek equitable relief. His claims for equitable relief under the UCL, FAL, and CLRA should be dismissed; because only equitable relief is available under the UCL and FAL, this warrants dismissal of those claims in their entirety. *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("remedies available" under UCL and FAL are "limited to" equitable remedies).

### 4. The Claim For Punitive Damages Is Subject to Dismissal.

Mr. Hawkins also fails to allege sufficient facts to state his claim for punitive damages. "[W]hen punitive damages are sought against a corporation based on the acts of its employees, the plaintiff must show the corporation's advance knowledge or ratification of the conduct." *N. Am. Co. for Life & Health Ins. V. Xiaocui Zhang*, 2019 WL 1060616, at *3 (C.D. Cal. Jan. 3, 2019) (citing Cal. Civ. Code § 3294). Thus, "[a] request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents. … [A] company simply cannot commit willful and malicious conduct—only an individual can." *Harper Cosntr. Co. v. Nat'l Union Fire Ins. Co.*, 2020 WL 1820124, at *7 (S.D. Cal. Apr. 10, 2020). Where a plaintiff alleges only the conclusory statement that a defendant's conduct was "willful and malicious," the claim for punitive damages will not survive a motion to dismiss. *Rausch v. Flatout, Inc.*, 660 F. Supp. 3d 855, 862–63 (N.D. Cal. 2023) (dismissing punitive damages claim in consumer mislabeling action); *see also Harper*, 2020 WL 1820124, at *7 (granting defendant's motion for judgment on the pleadings as to punitive damages).

Mr. Hawkins asserts a claim for punitive damages (Compl. ¶ 46, at Prayer), but does not support it with sufficient allegations (nor can he). He fails to allege even conclusory allegations

14
WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    to support his claim, let alone any factual basis to bring his claims over the pleadings threshold.

2    The Court should therefore dismiss the claim for punitive damages.

3        **C.**    **This Lawsuit Amounts To an Improper Request That Walmart Substantiate**

4            **Its Product Ingredients.**

5        As Mr. Hawkins has failed to allege facts to show that Walmart's label is false (nor can

6    he), *supra*, his lawsuit constitutes a "lack of substantiation" enforcement action, which is

7    prohibited under California law.  In other words, after peeling away Mr. Hawkins's conclusory

8    and insufficient allegations purporting to state falsity (but failing), this lawsuit is laid bare as

9    nothing more than an improper fishing expedition, designed to force Walmart to substantiate its

10    product labeling.

11        Under California law, however, a plaintiff may not sue to force a company to confirm

12    that any representations it has made with regard to a product was properly substantiated.  *See*

13    *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095 (9th Cir. 2017) ("[C]ourts have precluded private

14    citizens from bringing actions that allege that the challenged advertising language lacked proper

15    scientific substantiation."); *Aloudi v. Intramedic Research Grp.*, 2016 WL 1569981, at *2–4

16    (N.D. Cal. Apr. 19, 2016) (dismissing UCL, FAL, and CLRA claims as improper "lack of

17    substantiation" claims), *aff'd* 729 F. App'x 514 (9th Cir. 2017).  In *Kwan*, the Ninth Circuit

18    considered a challenge to the defendant's representations that their product, a health supplement,

19    provided a 682% increase in human growth hormone levels.  *Id.* at 1091.  The Ninth Circuit

20    affirmed the district court's holding dismissing the claim, and concluded that the plaintiff's mere

21    conclusory allegations "do nothing to support or prove the falsehood of the claims," and instead

22    found that the plaintiff's claims were "simply an allegation that defendant's marketing claims

23    lack scientific substantiation."  *Id.* at 1096.  Because "California law does not provide a private

24    cause of action for claims that advertising lacks substantiation," the Ninth Circuit explained that

25    plaintiff's "failure to allege specific facts pointing to actual falsehood constitute[d] a ***fatal flaw***."

26    *Id.* at 1096–97 (emphasis added).   The Court acknowledged that to permit a claim to advance

27    otherwise would improperly shift the burden of proof in consumer false advertising actions from

28

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the plaintiff to the defendant. *Id.* at 1094–98 (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1344 (2003)).

As detailed above, Mr. Hawkins falls far short of alleging a plausible theory of falsity. Absent such allegations, his lawsuit represents an improper attempt to shift the burden of proof from himself to Walmart by, in effect, demanding that Walmart substantiate its claims. Mr. Hawkins lacks a private right of action to do so, and his claims fail for this additional reason.

## IV. CONCLUSION

Walmart respectfully requests that Court grant this Motion to Dismiss with prejudice. *See Foskaris v. Experian Info. Sol'ns, Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020) (affirming denial of leave to amend complaint where plaintiff "fail[ed] to explain how he would cure the deficiencies in his pleading"); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041, 1047 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

DATED: April 29, 2024

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER F. CANNER

By: *s/ Jacob M. Harper*
     Jacob M. Harper
Attorneys for Defendant
Walmart Inc.

WALMART'S MOTION TO DISMISS
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899