JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
WALMART INC.

IN THE UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>                 Plaintiff,<br><br>        v.<br><br>WALMART INC., a corporation; and DOES 1 through 10, inclusive,<br><br>                 Defendant. | Case No. 1:24-CV-00374-KES-SKO<br><br>**DEFENDANT WALMART INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO PENDING MOTION TO REMAND**<br><br>Date:      June 10, 2024<br>Time:     1:30 p.m.<br>Dept.:     Courtroom 6<br><br>Assigned to the Hon. Kirk E. Sherriff<br><br>Action Filed:  February 20, 2024<br>Action Removed: March 29, 2024 |

Pursuant to Local Rule 230(m)(2), Defendant Walmart Inc. (Walmart) hereby provides notice of supplemental authority relevant to its Opposition to Motion to Remand (ECF No. 9). On May 10, 2024, after Walmart filed its Opposition, the Central District of California issued an order denying the plaintiff's motion to remand in *McConnon v. Kroger Co.*, 2024 WL 2132509 (C.D. Cal. May 10, 2024), based on a materially identical Complaint and Motion for Remand as plaintiff Matthew Hawkins filed here (his counsel is also plaintiff's counsel in *McConnon*). *Compare* ECF No. 7 (Mot. for Remand), *with McConnon*, No. 24-2601 (C.D. Cal.), ECF No. 10-1 (Mot. for Remand).   Because the *McConnon* court addressed the same allegations and arguments as Mr. Hawkins presents here, as well as similar evidence of amount in controversy, but only issued its opinion after Walmart's Opposition was due, Walmart hereby provides the Court notice of this new and relevant authority.

In *McConnon*, the plaintiff Sissy McConnon claimed that defendant The Kroger Co.'s (Kroger) Private Selection Avocado Oil "is not pure avocado oil" as allegedly labeled because it is "adulterated."  *McConnon*, 2024 WL 2132509, at *1.  After Kroger removed, McConnon moved to remand, "asserting only that Defendant failed to prove that the amount in controversy exceeds the $5 million threshold."  *Id.*  McConnon argued that Kroger removed based on the gross sales of the avocado oil (i.e., full price), but that because she sought only lesser "price premium" damages, Kroger had not proven that damages met the CAFA threshold.  *Id.*

The court rejected McConnon's argument, explaining that she had pleaded restitution for the entire purchase price in her Complaint, and thereby put those damages at issue for purposes of calculating the amount in controversy.  *Id.* at *2–3.  The court explained that for mislabeling claims, restitution "is determined by taking the price paid less what a purported purchaser would have paid at the time of purchase had the purchaser received all the information. … Where the product turns out to be 'worthless' to the purchaser, [] or has 'no value to [the purchaser],' the price premium may be the entire cost of the product[.]" *Id.* at *2 (internal quotation marks and citations omitted).  The court noted that McConnon "alleg[ed] that she and the putative class members either would have paid less for the Avocado Oil or would not have purchased it at all … [and that they] have suffered damages in 'the amounts paid for the Class Products.'" *Id.*

---

WALMART'S NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 1:24-CV-00374-KES-SKO

(citations to complaint omitted).  "Based on these allegations, Plaintiff claims that the Avocado Oil is—or at least may be—worthless. …  [She] alleged, albeit alternatively, that she would not have bought the Avocado Oil had she known it was 'adulterated,' suggesting that the product was worthless to her and that she is entitled to a full refund."  *Id.* at *2–3.  The court thus concluded, "Consequently, the full cost of the product may be considered for jurisdictional purposes."  *Id.* at *3.

The court also found Kroger's evidence sufficient to establish amount in controversy:  "a declaration . . . stating that Defendant has generated 'more than $2,845,000 in sales revenue from the sale of Private Selection Avocado Oil in California brick-and-mortar stores from November 2020 through February 23, 2024.'"  *Id.* at *3.  Compensatory damages "in controversy [were] therefore in excess of $2,845,000," and when coupled with "an award of punitive damages at a 1:1 ratio (which Plaintiff does not challenge)," the complaint put the amount in controversy well over CAFA's $5,000,000 jurisdictional threshold, "even without any consideration of attorneys' fees."  *Id.*  McConnon's objections to Kroger's supporting declaration were "without merit," including because "the fact that [the declarant] provide[d] an approximate sales revenue instead of an exact sales revenue does not render her declaration inadmissible."  *Id.*  Thus, the court held Kroger had by a preponderance of the evidence established the amount in controversy requirement was satisfied.  *Id.*

Finally, the court denied McConnon's alternative request for jurisdictional discovery:  "Plaintiff [ ] fails to address what facts are reasonably controverted or what additional facts she hopes to uncover of allowed discovery."  *Id.*

DATED: May 28, 2024

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER F. CANNER

By:  *s/Jacob M. Harper*
     Jacob M. Harper
Attorneys for Defendant
Walmart Inc.

WALMART'S NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 1:24-CV-00374-KES-SKO