UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>Defendant. | No. 1:24-cv-00374-KES-SKO<br><br>ORDER DENYING MOTION TO REMAND TO STATE COURT<br><br>(Doc. 7) |

Plaintiff Matthew Hawkins brings this putative class action against defendant Walmart, Inc., alleging false and deceptive advertising and labeling in connection with the sale of Walmart's Great Value Avocado Oil ("Avocado Oil"). Exhibit 1 to Notice of Removal ("Complaint"), Doc. 1-1. Hawkins moves to remand this action to the Tuolumne County Superior Court. Doc. 7. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). Doc. 13. The court has considered the parties' briefs and, for the reasons explained below, will deny the motion to remand and deny Hawkins' alternative request for limited jurisdictional discovery.

**I.      BACKGROUND**

Hawkins alleges he purchased a bottle of Avocado Oil believing it was pure avocado oil as represented by Walmart. Complaint ¶ 8, Doc. 1-1. Hawkins alleges the Avocado Oil was

1

1  adulterated with other oils and that he and the putative class members would not have purchased
2  it, or would have paid less for it, if they had known that the product was not pure avocado oil.  *Id.*
3  at ¶¶ 3, 8, 19, 23.
4        On February 20, 2024, Hawkins filed this action in state court on behalf of himself, and
5  others similarly situated, alleging violations of California's (1) Consumer Legal Remedies Act,
6  Cal. Civ. Code § 1750 *et seq.*, (2) False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*,
7  and (3) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and alleging
8  claims for (4) breach of express warranty, Cal. Com. Code § 2313, (5) breach of implied
9  warranty, Cal. Com. Code § 2314(2)(f), and (6) intentional misrepresentation.  In his complaint,
10 Hawkins alleges he and the putative class members "have suffered a financial injury in the form
11 of paying a price premium that the Class Products command in the market as a result of
12 Walmart's representations that they are pure avocado oil."  *Id.* at ¶ 23.  Hawkins also alleges he
13 and the putative class suffered damages "including but not limited to the amounts paid for the
14 Class Products."  *Id.* at ¶ 86.
15       Walmart removed this action from the Tuolumne County Superior Court pursuant to the
16 Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332.  Notice of Removal, Doc. 1.  Walmart
17 alleges in its Notice of Removal that that this action meets CAFA's removal requirements
18 because there are more than 100 putative class members, minimal diversity between the parties
19 exists, and the amount in controversy exceeds $5 million, exclusive of interest and costs.  *Id.* at
20 4-8.  Hawkins moves to remand this action, arguing removal was improper because Walmart has
21 not sufficiently established the amount in controversy.  Motion to Remand ("Motion"), Doc. 7.  In
22 the alternative, Hawkins requests narrowly tailored jurisdictional discovery.  Walmart opposes the
23 Motion and provides a declaration from its merchandising director, Tommy Reed.  Opposition to
24 Motion ("Opposition"), Doc. 9.  Hawkins timely filed his reply.  Reply in support of Motion
25 ("Reply"), Doc. 11.
26   **II.**    **LEGAL STANDARD**
27       CAFA confers federal district courts with original jurisdiction over class actions in which
28 there are at least 100 class members, the parties are minimally diverse, and the amount in

controversy exceeds $5 million, notwithstanding interest and costs. 28 U.S.C. § 1332(d); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Congress intended CAFA to be interpreted expansively, and "[n]o antiremoval presumption attends cases invoking CAFA." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 924 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 (2014)).

The amount in controversy is determined by including "all relief claimed at the time of removal to which plaintiff would be entitled if she prevails." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). This includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. *Id.* "In determining the amount in controversy, courts first look to the complaint." *Ibarra*, 775 F.3d at 1197. When the complaint does not state the amount of damages, the defendant seeking removal bears the burden of showing that the amount in controversy exceeds $5 million. *Id.* In its notice of removal, a defendant need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and does not need to include evidentiary submissions. *Dart*, 541 U.S. at 89. However, when "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

"A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias*, 936 F.3d at 925. A defendant does not need to "provide evidence proving the assumptions correct" as this would be akin to "impos[ing] a requirement that [the defendant] prove it actually violated the law." *Id.* at 27. Rather, such assumptions "must only have 'some reasonable ground underlying them'" and "cannot be pulled from thin air." *Id.* (quoting *Ibarra*, 775 F.3d at 1199).

"The district court should weigh the reasonableness of the removing party's assumptions, not supply further assumptions of its own." *Harris*, 980 F.3d at 701. Yet "there is an important distinction between a court offering entirely new or different assumptions itself versus modifying

one or more assumptions in the removing party's analysis." *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022). It remains true that "[w]here a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden." *Id*. However, where "the reason a defendant's assumption is rejected is because a different, better assumption is identified," the court "should consider the claim under the better assumption—not just zero-out the claim." *Id.* Parties may also submit evidence outside the complaint, including affidavits, declarations, or other summary-judgment type evidence. *Ibarra*, 775 F.3d at 1197. Courts determine the propriety of removal "on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

### III. DISCUSSION

#### A. CAFA Jurisdiction

Walmart's Notice of Removal alleged that the proposed class consist of at least 100 members, that there is minimal diversity, and that the amount in controversy is more than $5 million (consisting of compensatory damages of more than $2 million, punitive damages of more than $2 million, attorneys' fees of at least $1 million, and the cost for complying with an injunction). *See* Notice of Removal, Doc. 1.

Hawkins moves to remand this action to the Tuolumne County Superior Court, arguing Walmart does not meet CAFA's jurisdictional requirements because it fails to establish the amount in controversy. Motion, Doc. 7 at 7. Hawkins argues Walmart's Notice of Removal lacks evidentiary support and is based on speculative and/or flawed assumptions. *Id.* Specifically, Hawkins argues that Walmart erroneously assumes Hawkins is seeking the full purchase price of the Avocado Oil as damages. *Id.* at 8-9. Walmart opposes the Motion, arguing the complaint, as pled, plausibly seeks the full purchase price of the Avocado Oil as damages and therefore the amount in controversy is over $7 million. Opposition, Doc. 9 at 8-9.

///

///

### 1. The Notice of Removal

Hawkins argues Walmart's Notice of Removal is defective because it lacks evidence to support its calculation that the amount in controversy is at least $5 million. Motion, Doc. 7 at 2. Hawkins also questions the $2 million compensatory damages figure Walmart alleged in its Notice of Removal, arguing that number was also used by Walmart's counsel in other, unrelated, consumer class action cases. *Id.* at 7. Hawkins also argues Walmart's Notice of Removal should have included the number of Avocado Oil units sold. *Id.* at 8-9. However, a notice of removal only needs to include a plausible allegation that the amount in controversy exceeds $5 million and does not need to contain evidentiary submissions. *Arias*, 936 F.3d at 922 (internal citation omitted) ("a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements"); *see also Ibarra*, 775 F.3d at 1197 (evidence establishing the amount in controversy is required when plaintiff challenges the amount in controversy). Walmart's evidentiary obligation to establish the amount in controversy by a preponderance of the evidence arose only once Hawkins contested removal and the amount in controversy. *See Jauregui*, 28 F.4th at 994; *see also Hicks v. Grimmway Enterprises, Inc.,* No. 22-CV-2038 JLS (DDL), 2023 WL 3319362, at *9 (S.D. Cal. May 9, 2023) (defendant's evidentiary burden arises only after plaintiff challenges the amount in controversy).

### 2. Amount in Controversy

Hawkins challenges the assumptions Walmart uses to calculate the amount in controversy, arguing Walmart relies on speculation and flawed assumptions to reach the jurisdictional threshold of $5 million. Motion, Doc. 7 at 7. Hawkins does not challenge the one-to-one ratio Walmart uses to calculate punitive damages or the 25% benchmark it uses to calculate attorneys' fees, or that such amounts should be included in the calculation of the amount in controversy. *Id.* at 9. Instead, Hawkins challenges the punitive damages and attorneys' fees amounts only to the extent that they depend on Walmart's compensatory damages calculation, which is based on a full purchase price theory of damages. *Id*. As such, the sole dispute between the parties concerns the calculation of compensatory damages, and, specifically, whether Walmart appropriately bases its estimate of claimed compensatory damages on the full purchase price of the Avocado Oil.

### a. Compensatory Damages

Hawkins argues that it is not reasonable for Walmart to use the full purchase price of the Avocado Oil to calculate compensatory damages, because he did not seek the full purchase price in his complaint and, as a matter of law, he cannot recover the full purchase price. *Id.* The court first looks to the complaint to ascertain the relief Hawkins sought. *Ibarra*, 775 F.3d at 1197.

Hawkins argues in his Motion and Reply that he cannot recover the full purchase price for the Avocado Oil and, therefore, it is not a reasonable assumption that he would seek it as a theory of recovery. However, as pleaded, Hawkins' complaint places into controversy the full purchase price. *See Carlos v. Jaguar Land Rover N. Am., LLC*, No. CV 19-1318-GW(FFMX), 2019 WL 2068465, at *3 (C.D. Cal. May 10, 2019) (plaintiff's assertion that "there is a basis in law (or logic) which may restrict his recovery of actual damages to some lesser figure than the full purchase price does not change the fact that his Complaint put in controversy far more than that."). Throughout the complaint, Hawkins alleges that had he known the Avocado Oil was adulterated, he and the putative class members "would not have purchased them at the prices at which they were sold in the market or would not have purchased them at all." Complaint, Doc. 1-1 ¶ 85; *see also e.g. id.* ¶¶ 8, 23, 43, 69, 78. Hawkins seeks damages "including but not limited to the amounts paid for the [Avocado Oil]" and seeks restitution for damages suffered. Complaint, Doc. 1-1 at ¶ 86 & Prayer for Relief. Hawkins also seeks to require Walmart to disgorge the money it "unlawfully, unfairly, and fraudulently obtained" from Hawkins and the putative class members for the Avocado Oil. *Id.* at ¶ 60.

Hawkins' request for restitution of the amounts paid for the Avocado Oil and his allegations that, but for the alleged false advertisement, he and the putative class members would not have purchased the Avocado Oil or would have paid less for it, can reasonably be construed as seeking, at least in the alternative, the full purchase price in damages.[1] *See* Complaint,

---

[1] Hawkins argues in his Reply, for the first time, that the language of the complaint does not indicate he seeks the full purchase price, but, rather, that it is necessary language to establish standing. Reply, Doc. 11 at 6. Regardless of the purpose for which Hawkins included such allegations in the complaint, Walmart may reasonably rely on the complaint's allegations to determine the amount in controversy.

6

1  Doc. 1-1 ¶¶ 8, 23, 43, 69, 78, 85; *see also Lokey v. CVS Pharmacy, Inc.,* No. 20-CV-04782-LB,
2  2020 WL 5569705, at *4 (N.D. Cal. Sept. 17, 2020) (complaint plausibly seeks full refund
3  damages when there is a request for restitution coupled with an allegation that plaintiff would not
4  have purchased a more expensive product had plaintiff known the product she was purchasing
5  was the same as a less expensive product).

6  Hawkins is correct that restitution damages are generally calculated by focusing "on the
7  difference between what was paid and what a reasonable consumer would have paid at the time of
8  purchase without the fraudulent or omitted information." *Pulaski & Middleman, LLC v. Google,*
9  *Inc.*, 802 F.3d 979, 989 (9th Cir. 2015). However, a plaintiff may recover the full purchase price
10 if the product has no value to the plaintiff. "'A full refund may be available in a UCL case when
11 the plaintiffs prove the product had no value to them' because 'the price paid minus the value
12 actually received equals the price paid'—zero." *Panera Mullins v. Premier Nutrition Corp.*, No.
13 13-CV-01271-RS, 2016 WL 1535057, at *6 (N.D. Cal. Apr. 15, 2016) (citing *In re Tobacco*
14 *Cases II*, 240 Cal. App. 4th 779, 795 (2015)).

15 Hawkins argues that the full purchase price is not available as damages for food products,
16 but he relies on cases in which the price premium was established in the litigation or in which the
17 complaint itself provided a basis for calculating the price premium. *See, e.g., Hadley v. Kellogg*
18 *Sales Co.*, 324 F. Supp. 3d 1084, 1104 (N.D. Cal. 2018) (proposed conjoint analysis measuring
19 price premium was a valid measure of damages at class certification and expert opinion stage);
20 *Calagno v. Rite Aid Corp.*, No. 4:20-CV-05476-YGR, 2020 WL 6700451, at *3 (N.D. Cal. Nov.
21 13, 2020) (full purchase price was not proper measure of damages where overcharge percentage
22 could be determined by comparing two identical products); *Aseltine v. Panera, LLC*, No. 21-CV-
23 04284-JST, 2021 WL 8267421, at *3 (N.D. Cal. Dec. 13, 2021) (delivery fee could not be used to
24 calculate amount in controversy because complaint did not seek to recover delivery fee and
25 sought only to recover hidden food markup).

26 A defendant may look to the complaint to ascertain the amount in controversy, and
27 Hawkins' complaint, as pleaded, can reasonably be read to indicate that the product had no value
28 to Hawkins and the putative class and that the full purchase price is sought as compensatory

7

1   damages. *See McConnon v. Kroger Co.*, No. 2:24-CV-02601-SB-E, 2024 WL 2132509, at *2–3

2   (C.D. Cal. May 10, 2024) (full purchase price could be considered as theory of damages where

3   complaint (1) did not specify whether "adulterated" product was of any value to plaintiff, (2)

4   sought damages for the amounts paid for class product, and (3) pled in alternative that plaintiff

5   would have paid less for product or would not have purchased product at all).

6   　　　　The complaint does not indicate what value, if any, Hawkins obtained from the Avocado

7   Oil. While Hawkins challenges Walmart's use of the full purchase price and argues that a price

8   premium is the proper measure of damages, he does not state or estimate any such price premium.

9   Instead, Hawkins vaguely argues that the food product must have some value to him and the

10  putative class members. Walmart is not required to provide a price premium for Hawkins. *Arias*,

11  936 F.3d at 927 (defendant does not need to "provide evidence proving the assumptions correct;"

12  instead, defendant may rely on reasonable assumptions to establish amount in controversy). "The

13  amount in controversy is simply an estimate of the total amount in dispute, not a prospective

14  assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th

15  Cir. 2010). The court declines to speculate what an appropriate price premium might be.

16  Without a price premium advanced in the complaint (or in the Motion), Walmart reasonably

17  relied on the allegations in the complaint to calculate the amount in controversy.

18  　　　　As the complaint can reasonably be read as seeking, in the alternative, the full purchase

19  price as damages, Walmart can rely on its gross sales of $3 million of the Avocado Oil in the

20  relevant period to estimate the compensatory damages at issue based on the complaint. *See*

21  *Turcios v. Carma Lab'ys, Inc.*, No. CV 12-8487 ABC (EX), 2012 WL 12893989, at *2-3 (C.D.

22  Cal. Dec. 13, 2012) (where complaint is "somewhat inconsistent" with regards to amount plaintiff

23  sought, "for jurisdictional purposes, the total amount at issue should be based on gross sales… the

24  Court cannot fix Defendant's ultimate liability for restitution" at motion to remand stage); *Allred*

25  *v. Frito-Lay N. Am., Inc.*, No. 17-CV-1345 JLS (BGS), 2018 WL 1725535, at *2 (S.D. Cal. Apr.

26  10, 2018) (full restitution of purchase price could be used to calculate amount in controversy

27  where plaintiff sought full restitution of purchase price). Walmart submitted a declaration from

28  its merchandising director that the sales of Avocado Oil from its brick-and-mortar stores

exceeded $3 million dollars from February 29, 2020, through February 29, 2024.  Hawkins does not challenge the adequacy of the declaration and the court does not find any evidentiary deficiency in the declaration.  As such, Walmart has provided sufficient evidence to support its contention that the compensatory damages at issue exceed $3 million.

### b. Punitive Damages and Attorneys' Fees

Hawkins objects to Walmart's punitive damages and attorneys' fees calculations solely on the ground that they are erroneous because they are based on Walmart's allegedly faulty compensatory damage calculations.  Motion, Doc. 7 at 9.  As Walmart's compensatory damages calculation is reasonable, Hawkins' objections to the punitive damages and attorneys' fees calculations also have no merit.

Walmart properly relies on potential punitive damages to satisfy the amount in controversy.  Hawkins does not dispute Walmart's calculation of punitive damages based on a one-to-one ratio of actual damages.  *See* Motion, Doc. 7 at 9.  Walmart has shown that the complaint plausibly put $3 million in compensatory damages at issue.  Using a one-to-one ratio between compensatory and punitive damages, the punitive damages are plausibly $3 million.  *See Greene v. Harley-Davidson, Inc.,* 965 F.3d 767, 772 (9th Cir. 2020) (defendant satisfied its burden of establishing amount in controversy on removal by citing cases "where juries had awarded punitive damages at ratios higher than 1:1" for claims plaintiff sought).  Including $3 million for punitive damages brings the total amount in controversy to over $6 million, which is more than sufficient to establish CAFA jurisdiction.

Similarly, Hawkins does not dispute Walmart's use of a 25% benchmark for potential attorneys' fees or the use of attorneys' fees to calculate the amount in controversy.  *See* Motion, Doc. 7.  "The CLRA authorizes an award of attorneys' fees to a prevailing plaintiff." *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 532 (S.D. Cal. 2020) (citing Cal. Civ. Code § 1780(e)).  Walmart's inclusion of $1.5 million in estimated attorneys' fees (25% of the compensatory and punitive damages) in calculating the amount in controversy is reasonable and brings the total amount in controversy to over $7.5 million.  *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-

controversy requirement is met.").

Accordingly, Walmart has sufficiently established that this action meets CAFA's $5 million jurisdictional requirement.

### B. Jurisdictional Discovery

Hawkins seeks, in the alternative, jurisdictional discovery regarding the amount in controversy. Motion, Doc. 7 at 8. Jurisdictional discovery is appropriate where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Hawkins has not made a showing that jurisdictional discovery will reveal that the amount in controversy is not met or that the court lacks jurisdiction over this action. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-65 (9th Cir. 2022) (affirming denial of jurisdictional discovery where plaintiffs "sought jurisdictional discovery without providing any affidavit or evidence substantiating their requests or describing with any precision how such discovery could be helpful to the Court, and their request amounted to only a mere hunch."). Accordingly, Hawkins' request for jurisdictional discovery is denied.

### IV. CONCLUSION

Based upon the foregoing, the motion to remand and request for jurisdictional discovery are denied.

IT IS SO ORDERED.

Dated:  August 22, 2024

UNITED STATES DISTRICT JUDGE

10