1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW HAWKINS, on behalf of            No.  1:24-cv-00374-KES-SKO
     himself and all others similarly situated,
12
             Plaintiff,
13                                             ORDER GRANTING MOTION TO DISMISS
14        v.

15   WALMART, INC.,
                                               (Doc. 8)
16           Defendant.

17

18        Plaintiff Matthew Hawkins brings this putative class action against defendant Walmart,

19   Inc., alleging false and deceptive advertising and labeling in connection with the sale of

20   Walmart's Great Value Avocado Oil ("Avocado Oil").  Complaint, Exhibit 1 to Notice of

21   Removal ("Complaint"), Doc. 1-1.  Walmart moves to dismiss this action.  Motion to Dismiss

22   ("Motion"), Doc. 8.  This matter is suitable for resolution without a hearing pursuant to Local

23   Rule 230(g).  Doc. 18.  The Court has considered the parties' briefs and notices of supplemental

24   authority, and for the reasons explained below, grants the motion to dismiss.

25   I.    BACKGROUND

26        On February 20, 2024, Hawkins filed this action on behalf of himself, and others similarly

27   situated, alleging violations of California's (1) Consumer Legal Remedies Act ("CLRA"), Cal.

28   Civ. Code § 1750, et seq., (2) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500,

1   et seq., (3) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.,

2   (4) breach of express warranty, Cal. Com. Code § 2313; (5) breach of implied warranty, Cal.

3   Com. Code § 2314(2)(f); and (6) intentional misrepresentation.  Walmart removed this action

4   from Tuolumne Superior Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.

5   § 1332.  Notice of Removal, Doc. 1.

6          The following facts are taken from the complaint:[1]

7          Walmart markets, labels, advertises, and sells its Great Value Avocado Oil ("Avocado

8   Oil") with packaging that "prominently" contains an "unequivocal message" that the product is

9   pure avocado oil.  Complaint, Doc. 1-1 ¶¶ 1-2, 14-15.  The front of the bottle identifies the

10  product as "Refined Avocado Oil."  *Id.* at 6.  The message that the product is pure avocado oil is

11  reinforced by the ingredient list on the back label, which lists avocado oil as the only ingredient.

12  *Id.* ¶ 15.  Moreover, Walmart's website lists pure avocado oil as the only ingredient.  *Id.* ¶ 17.

13  Based on that representation, reasonable consumers believe that the oil is pure avocado oil.  *Id.*

14  ¶ 3.  However, unbeknownst to consumers, the Avocado Oil is adulterated with other oils.  *Id.* ¶ 3.

15         Hawkins purchased a bottle of Avocado Oil at a Walmart store in Sonora, California,

16  reasonably believing and relying on the claim that the product was pure avocado oil.  *Id.* ¶¶ 3, 8.

17  Hawkins would not have purchased the Avocado Oil, or would have only paid a lower price for it,

18  had he known that the product was not pure avocado oil.  *Id.* ¶ 2.  If Hawkins knew that the

19  Avocado Oil was pure, he would continue purchasing it, but he is refraining from making further

20  purchases for the time being.  *Id.* ¶ 9.

21         Walmart moves to dismiss the complaint, arguing among other grounds that Hawkins fails

22  to sufficiently allege that Walmart made claims as to the Avocado Oil that would mislead a

23  reasonable consumer and fails to state a claim.  *See* Motion, Doc. 8; Reply to Motion, Doc. 16.

24  Hawkins opposes dismissal, arguing that his complaint contains allegations sufficient to state a

25  claim.  Opposition to Motion ("Opposition"), Doc. 14.  Hawkins also filed two notices of

26  supplemental authority.  Docs. 15, 17.

27  _____

28  [1] The factual allegations in the complaint are presumed to be true for purposes of the motion to
    dismiss.  *See Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).

1    **II.    LEGAL STANDARD**

2    Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.

3    *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a

4    cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

5    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In evaluating a motion to

6    dismiss under Rule 12(b)(6), the Court presumes the factual allegations within the complaint to be

7    true and draws all reasonable inferences in favor of the nonmoving party.  *Murguia v. Langdon*,

8    61 F.4th 1096, 1106 (9th Cir. 2023) (citing *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir.

9    1987)).

10    Rule 8(a) requires that a pleading contain "a short and plain statement of the claim

11    showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556

12    U.S. 662, 677–78 (2009).  Under federal notice pleading standards, the complaint must "give the

13    defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic*

14    *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified

15    notice pleading standard relies on liberal discovery rules and summary judgment motions to

16    define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema*

17    *N.A.*, 534 U.S. 506, 512 (2002).  Though Rule 8(a) does not require detailed factual allegations, a

18    plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."

19    *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Iqbal*, 556 U.S. at 677–78.  "[I]t demands

20    more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at

21    678.  "[B]are assertions . . . amount[ing] to nothing more than a formulaic recitation of the

22    elements . . . are not entitled to be assumed true."  *Id.* at 681.  "A claim has facial plausibility

23    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

24    that the defendant is liable for the misconduct alleged."  *Id.* at 678.  The complaint must contain

25    facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible."  *Twombly*,

26    550 U.S. at 570.

27    "In alleging fraud or mistake, a party must state with particularity the circumstances

28    constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To plead fraud with particularity under Rule

3

9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted). Rule 9(b) requires that the circumstances constituting the alleged fraud be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted)).

If a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). However, a court has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.   ANALYSIS

Walmart argues that this action should be dismissed because Hawkins fails to plausibly allege that reasonable consumers would be misled by the Avocado Oil label and fails to sufficiently allege claims for breach of the implied warranty of merchantability and intentional misrepresentation. Motion, Doc. 8 at 2. The Court first examines whether Hawkins has sufficiently alleged that Walmart's Avocado Oil product representations would mislead a reasonable consumer.

### A.   False Advertising

Hawkins alleges that the representation that the Avocado Oil was pure avocado oil is misleading in violation of California's CLRA and FAL, and under each prong of the UCL. Complaint, Doc. 1. The allegedly deceptive label serves as the basis for each claim, with the

4

1    alleged FAL and CLRA violations serving as the predicate unlawful conduct under the UCL. *Id.*

2    ¶¶ 36-61. "Because the same standard for fraudulent activity governs all three statutes, courts

3    often analyze the three statutes together." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074,

4    1089, 1094–95, (N.D. Cal. 2017); *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016, n.7 (9th

5    Cir. 2020) ("Because the cause of action under each California state law is premised on the same

6    allegedly misleading acts in this case . . . [the Court] evaluate[s] the UCL, FAL, and CLRA

7    claims collectively[.]").

8            The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or

9    practices[,]" which includes representing that goods have "characteristics, ingredients, uses,

10   benefits, or quantities that they do not have[,]" representing that a good is of a "particular

11   standard, quality or grade" if it is not, and "[a]dvertising goods or services with intent not to sell

12   them as advertised." Cal. Civ. Code § 1770(a). The FAL prohibits dissemination of a statement

13   concerning a product "which is untrue or misleading, and which is known, or which by the

14   exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof.

15   Code § 17500. The UCL prohibits business practices that are unlawful, unfair, or fraudulent.

16   Cal. Bus. & Prof. Code § 17200. Each prong under the UCL provides a separate theory of

17   liability. *Lozano v. AT&T Wireless Servs.*, Inc., 504 F.3d 718, 731 (9th Cir. 2007).

18           California's CLRA, FAL, and UCL "require basic fairness in advertising" and "prohibit

19   not only false advertising, but also advertising that is 'either actually misleading or which has a

20   capacity, likelihood or tendency to deceive or confuse the public.'" *Whiteside v. Kimberly Clark*

21   *Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934,

22   938 (9th Cir. 2008)). Claims under the CLRA, FAL, and UCL are governed by the "reasonable

23   consumer standard." *Id.* "This is not a negligible burden." *Moore v. Trader Joe's Co.*, 4 F.4th

24   874, 882 (9th Cir. 2021).

25           Under the reasonable consumer standard, a plaintiff must show a probability "that a

26   significant portion of the general consuming public or of targeted consumers, acting reasonably in

27   the circumstances, could be misled" by the defendant's marketing claims. *Whiteside*, 108 F.4th at

28   778. "[W]hether a practice is deceptive will usually be a question of fact not appropriate for

                                                    5

1    decision on demurrer or motions to dismiss." *Moore v. Mars Petcare US, Inc.*, 966 F.3d at 1017

2    (internal quotation marks and citation omitted).  However, "if common sense would not lead

3    anyone to be misled, then the claim may be disposed of at a motion to dismiss stage." *Moore v.*

4    *Mars Petcare US, Inc.*, 966 F.3d at 1018.  Dismissal of CLRA, FAL, and UCL claims at the

5    pleading stage is appropriate when "the advertisement itself [makes] it impossible for the plaintiff

6    to prove that a reasonable consumer [is] likely to be deceived." *Whiteside*, 108 F.4th at 778

7    (internal quotation marks and citation omitted).

8        Hawkins alleges that the Avocado Oil representation is deceptive because it falsely claims

9    that the product contains only avocado oil.  Opposition, Doc. 14 at 9.  According to Hawkins,

10   listing the product as "Refined Avocado Oil" and listing avocado oil as the only ingredient in the

11   back of the label leads a reasonable consumer to believe that the product is pure avocado oil.

12   Complaint, Doc. 1-1 ¶15-18.  Further, Walmart's website lists the product as pure avocado oil.

13   *Id. ¶* 17.  Hawkins alleges that third-party laboratory testing confirms that the "fatty acid and

14   sterol profiles" of the Avocado Oil show that it is not "pure" avocado oil.  *Id.* ¶ 19.

15       Although Hawkins asserts that the Avocado Oil conveys that the product is "pure," the

16   label itself does not contain any such statement.  There is no assertion on the label that the

17   avocado oil is "pure" or "100%" avocado oil.  While Walmart's website stated that the product

18   was "Pure Avocado Oil," that is not reflected on the label or elsewhere on the product.  Even

19   considering this reference on the website in conjunction with the label, Hawkins has failed to

20   establish any defined meaning of the term "pure" based on which a reasonable consumer would

21   be misled.

22       Hawkins points to *Koller v. Med Foods, Inc.*, to support his argument that he sufficiently

23   pled that the label was misleading.  No. 14-CV-02400-RS, 2015 WL 13653887 (N.D. Cal. Jan. 6,

24   2015).  However, the plaintiff in *Koller* pleaded that the oils did not meet established standards

25   for "extra virgin" olive oil when bottled and/or through degradation resulting from the

26   defendant's packaging and handling practices.  *Id.* at *3.  The *Koller* court held that those

27   allegations were sufficiently detailed and plausible to establish a claim.  In contrast, Hawkins'

28   complaint does not contain any such type of allegations or identify any defined meaning of the

6

1  term "pure."

2      In *McConnon v. Kroger Co.*, the plaintiff made similar vague allegations that an avocado

3  oil was not "pure."  No. 2:24-CV-02601-SB-E, 2024 WL 3941340, at *3 (C.D. Cal. June 21,

4  2024).  The *McConnon* court held that plaintiff's failure to define "pure" warranted dismissal

5  because the court could not evaluate the merits of the claim.  *Id.*  In reaching that conclusion, the

6  *McConnon* court noted that purity could have different meaning, including whether the only

7  ingredient used was avocado, whether there were no impurities, or whether a different oil or

8  ingredient was introduced to render the product impure.  *Id.*  Similarly, Hawkins vaguely alleges

9  that third-party laboratory testing confirmed that the oil was not "pure," but Hawkins provides no

10  allegation as to why the "fatty acid and sterol profiles" mean that the avocado oil is not pure, no

11  measure for purity, no allegation as to whether or how any such "purity" was compromised

12  during the manufacturing or processing process, and no specific facts as to any other oils or

13  ingredients allegedly present in the Avocado Oil.  *See Tran v. Sioux Honey Ass'n, Coop.*, 471 F.

14  Supp. 3d 1019, 1028 (C.D. Cal. 2020) (noting that the term 'pure' has no fixed meaning); *see also*

15  *In re Avocado Oil Mktg. & Sales Pracs. Litig.*, No. MDL 3133, 2025 WL 428016, at *1 (U.S.

16  Jud. Pan. Mult. Lit. Feb. 6, 2025) (holding that avocado oil litigations could not be centralized,

17  because, among other reasons, the results of a study of oils produced widely varying results

18  regarding the oils' chemical profiles).

19      Because the complaint fails to provide sufficient allegations to provide Walmart with

20  notice as to what makes the Avocado Oil representation misleading, Hawkins has not adequately

21  pled that the representation is misleading.  Accordingly, the CLRA, FAL, and UCL claims fail

22  and are dismissed with leave to amend.

23      **B.  Implied Warranty of Merchantability**

24      Walmart also argues that Hawkins fails to allege a breach of the implied warranty of

25  merchantability.  Motion, Doc. 8 at 18-19.  A contract for the sale of goods implies a warranty of

26  merchantability that goods are fit for ordinary purposes for which such goods are used.  *Birdsong*

27  *v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009); Cal. Com. Code § 2314(2)(c).  The implied

28  warranty "provides for a minimum level of quality."  *Birdsong*, 590 F.3d at 958 (internal

1   quotation marks and citation omitted).  A breach of the implied warranty of merchantability

2   occurs if the product lacks "even the most basic degree of fitness for ordinary use." *Id.* (internal

3   quotation marks and citation omitted).  The California Commercial Code also requires

4   merchantable goods to "[c]onform to the promises or affirmations of fact made on the container

5   or label if any."  Cal. Com. Code § 2314(2)(f).

6        Hawkins does not allege that the avocado oil was unfit for consumption.  Rather, Hawkins

7   asserts that Walmart breached the implied warranty of merchantability because the representation

8   that the Avocado Oil was "pure" constitutes an implied promise that the product is pure avocado

9   oil and the product failed to conform to that promise.  Opposition, Doc. 14 at 16.  "When

10  an implied warranty of merchantability cause of action is based solely on whether the product in

11  dispute conforms to the promises or affirmations of fact on the packaging of the product,

12  the implied warranty of merchantability claim rises and falls with express warranty claims

13  brought for the same product." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1096 (N.D.

14  Cal. 2017).  As set forth above, the allegations set forth in the complaint fail to sufficiently allege

15  facts showing a representation concerning the Avocado Oil that would mislead a reasonable

16  consumer.  Accordingly, Hawkins' claim for breach of the implied warranty of merchantability

17  must also be dismissed.  The dismissal is likewise with leave to amend.

18      **C. <u>Intentional Misrepresentation</u>**

19       Walmart also seeks to dismiss Hawkins' claim for intentional misrepresentation, arguing

20  that Hawkins failed to allege intent and knowledge to sufficiently plead intentional

21  misrepresentation.  Motion, Doc. 8 at 19-20.  Intentional misrepresentation claims require that the

22  defendant knew of the material fact and either misrepresented or concealed that fact to induce

23  reliance by the plaintiff. *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 230–31 ("The essential

24  elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge

25  of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting

26  damage."); *see also Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016).

27       Because the complaint fails to sufficiently allege a misrepresentation, the intentional

28  misrepresentation claim also fails.  Accordingly, Hawkins' claim for intentional

1    misrepresentation is dismissed, also with leave to amend.

2    **IV.    CONCLUSION**

3        Based upon the foregoing, it is ORDERED that:

4        1.  Defendant's motion to dismiss, Doc. 8, is granted;

5        2.  Plaintiffs' complaint is dismissed with leave to amend;

6        3.  Within thirty (30) days of the date of this order, Hawkins shall either (1) file a first

7            amended complaint or (2) notify the Court that he does not wish to file an amended

8            complaint.

9        4.  The failure to comply with this order may result in dismissal of this action due to

10           failure to prosecute and to comply with a Court order.

11

12

13   IT IS SO ORDERED.

14       Dated:    February 13, 2025

                                                    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9