JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Grand Avenue, 27th Floor
Los Angeles, California 90071-3487
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
WALMART INC.

IN THE UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW HAWKINS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART INC., a corporation; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. 1:24-CV-00374-KES-SKO<br><br>**WALMART INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    June 2, 2025<br>Time:   1:30 p.m.<br>Dept.:  Courtroom 6<br><br>Assigned to the Hon. Kirk E. Sherriff<br><br>Action Filed: February 20, 2024<br>Action Removed: March 29, 2024 |

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE. .................. 2

    A. All the Claims Fail Under the Reasonable Consumer Test. ..................................... 2

        1. Mr. Hawkins's Tweaked Label Interpretation Still Fails. ........................... 2

            a. Mr. Hawkins materially copies the prior dismissed theory. ............. 3

            b. The testing allegations don't apply to the claimed representation. . 4

        2. Mr. Hawkins Still Fails to Allege *How* or *Why* the Label Is Misleading. ... 5

            a. The "Testing" Still Fails Plausibility Standards. .............................. 5

            b. The Allegations Still Fail to Provide Sufficient Notice. ............... 11

            c. The Allegations Preclude a Showing of Materiality. .................... 13

    B. Mr. Hawkins's Claims Fail for Additional, Claim-Specific Reasons. .................. 14

        1. Mr. Hawkins's Implied Warranty Claim Fails. .......................................... 14

        2. Mr. Hawkins Fails to Allege the Fraudulent Intent Required to State His Intentional Misrepresentation Claim. ......................................................... 14

        3. The Claim For Punitive Damages Is Subject to Dismissal. ....................... 14

III. DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND. ...................................... 15

i

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrews v. Procter & Gamble Co.*,
   2019 WL 6520045 (C.D. Cal. June 3, 2019) ................................................................... 6, 8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 9

*Barton v. Procter & Gamble Co.*,
   -- F. Supp. 3d --, 2025 WL 486180 (S.D. Cal. Feb. 13, 2025) .................................... 10, 11, 13

*Bounthon v. Procter & Gamble Co.*,
   2024 WL 4495501 (N.D. Cal. Oct. 15, 2024) ............................................................... 6, 8, 9

*Doe v. SuccessfulMatch.com*,
   70 F. Supp. 3d 1066 (N.D. Cal. 2014) ................................................................................. 13

*Engalla v. Permanente Medical Grp., Inc.*,
   15 Cal.4th 951 (1997) .......................................................................................................... 13

*Evancho v. Fisher*,
   423 F.3d 347 (3d Cir. 2005) .................................................................................................. 7

*Garland v. Kroger Co.*,
   2025 WL 474914 (S.D. Cal. Feb. 12, 2025) .................................................................. 10, 13

*Golikov v. Walmart Inc.*,
   2025 WL 648532 (C.D. Cal. Feb. 27, 2025) .............................................................. *passim*

*Hawkins v. Walmart, Inc.*,
   -- F. Supp. 3d --, 2025 WL 490063 (E.D. Cal. Feb. 13, 2025) .................................. *passim*

*In re Avocado Oil Mktg. & Sales Practices Litig.*,
   -- F. Supp. 3d --, 2025 WL 428016 (J.P.M.L. Feb. 6, 2025) ................................................. 9

*In re Finjan Holdings, Inc.*,
   58 F.4th 1048 (9th Cir. 2023) ................................................................................................ 7

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*,
   299 F.3d 1242 (11th Cir. 2002) ........................................................................................... 13

*Joseph v. J.M. Smucker Co.*,
   2019 WL 1219708 (C.D. Cal. Mar. 13, 2019) ....................................................................... 8

*Kanan v. Thinx Inc.*,
   2021 WL 4464200 (C.D. Cal. June 23, 2021) ..................................................................... 14

ii

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Koller v. Med. Foods, Inc.*,
  2015 WL 13653887 (N.D. Cal. Jan. 6, 2015) .................................................................. 7

*Lazo v. Bank of Am., N.A.*,
  2012 WL 1831577 (N.D. Cal. May 18, 2012) ............................................................... 14

*Lowe v. Edgewell Personal Care Co.*,
  711 F. Supp. 3d 1097 (N.D. Cal. 2024) .................................................................... 6, 12

*Martin v. Omnit Labs Inc.*,
  2023 WL 8190712 (C.D. Cal. Oct. 18, 2023) ................................................................. 5

*McConnon v. The Kroger Co.*,
  2024 WL 3941340 (C.D. Cal. June 21, 2024) ........................................................... 1, 12

*Meyer v. Colavita USA Inc.*,
  2011 WL 13216980 (M.D. Fla. Sept. 13, 2011) ......................................................... 9, 10

*Naimi v. Starbucks Corp.*,
  798 F. App'x 67 (9th Cir. 2019) ............................................................................... 6, 7, 9

*POM Wonderful LLC v. Purely Juice, Inc.*,
  2008 WL 4222045 (C.D. Cal. July 17, 2008) ............................................................... 13

*Robinson v. J.M. Smucker Co.*,
  2019 WL 2029069 (N.D. Cal. May 8, 2019) .................................................................. 8

*Samet v. Proctor & Gamble Co.*,
  2019 WL 13167115 (N.D. Cal. Jan. 15, 2019) ............................................................. 13

*Shalikar v. Asahi Beer U.S.A., Inc.*,
  2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ................................................................. 7

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ........................................................................................ 8

*Tye v. Wal-Mart Stores, Inc.*,
  2016 WL 6138424 (C.D. Cal. Apr. 26, 2016) ................................................................. 7

*Webb v. Dr Pepper Snapple Grp.*,
  2018 WL 1955422 (W.D. Mo. Apr. 25, 2018) ................................................................ 7

*Weekly v. United States*,
  2023 WL 6796428 (E.D. Cal. Oct. 13, 2023) ................................................................. 9

**Rules**

Rule 9(b) ................................................................................................................... *passim*

iii

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Plaintiff Matthew Hawkins's Opposition (ECF No. 27, Opp.) concedes that the theory of liability in his FAC—that defendant Walmart Inc.'s Great Value Refined Avocado Oil (Avocado Oil) promises to be "only" avocado oil—does not materially differ from the Complaint this Court dismissed just a few months ago. (Opp. 1, 3, 5); *Hawkins v. Walmart, Inc.*, -- F. Supp. 3d --, 2025 WL 490063 (E.D. Cal. Feb. 13, 2025). Indeed, the Opposition fails meaningfully to address the Court's prior dismissal order or Walmart's argument that it—and the holding in *McConnon v. The Kroger Co.*, 2024 WL 3941340 (C.D. Cal. June 21, 2024) on which this Court relied—still fully applies to Mr. Hawkins's FAC. This concession alone merits granting Walmart's Motion to Dismiss (ECF No. 26, Mot.), and emphasizes the futility of further amendment.

The Court's prior dismissal order recognized multiple defects warranting dismissal, and Mr. Hawkins fails to explain how his FAC cures them—because it does not.

First, Mr. Hawkins concedes his label interpretation that the "Refined Avocado Oil" implies it is "only avocado oil," is the same as his prior "pure avocado oil" label interpretation that this Court already rejected as implausible (Opp. 1, 3, 5); as the Court already held, "the label itself does not contain any such statement" that it is only avocado oil, or any "assertion" that it is "'100%' avocado oil." 2025 WL 490063, at *4. Mr. Hawkins cannot seek reconsideration of the dismissal order through an amended complaint, nor does he identify any basis for this Court to depart from its prior opinion. His claims fail for this reason alone.

Second, he still only "vaguely alleges that third-party laboratory testing confirmed that the oil was not 'pure,'" i.e., not "only avocado oil," 2025 WL 490063, at *4, and thus fails to state the requisite plausible and particularized claims. His new allegations about UC Davis studies and his evolving testing "fingerprint" not only fail to carry his claims to the plausibility threshold, but rather preclude his claims. Mr. Hawkins fails to explain how his allegations overcome these defects nor distinguishes Walmart's ample authority holding these shortcomings are fatal to all his claims. Further, he still provides no explanation for how he can satisfy Rule

1

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

9(b) without alleging particularized details of his testing, such as the number of samples tested and how they were sourced, when the testing occurred, the testing results, what exactly is in the Avocado Oil and how much, any other circumstances of his alleged testing, or how the product was compromised. *Id.*, 2025 WL 490063, at *4 (dismissing for failure to allege particularized facts, including "specific facts as to any other oils or ingredients allegedly present in the Avocado Oil" and "how the product "was compromised during the manufacturing or processing process"). He still refuses to allege these basic facts or even attach his testing results (all Rule 9(b) failures), and he also fails to identify any factual allegations to state the materiality required for all his claims, instead incorrectly arguing that a misrepresentation is inherently material.

Third, his claims also fail for additional claim-specific reasons, and his Opposition fails to show otherwise. He has not and cannot point to sufficient allegations of fraudulent intent, as required to state his claim for intentional misrepresentation. He fails to allege any breach of the implied warranty, as he admits he does not allege the product is unfit for consumption. Nor does he allege the requisite factual allegations to state his punitive damages claim.

As Mr. Hawkins has already had the opportunity to amend (with the benefit of the Court's prior ruling), but failed to fix these defects, it is clear he cannot. Walmart respectfully requests the Court dismiss again, this time with prejudice.

## II.    THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE.

### A.    All the Claims Fail Under the Reasonable Consumer Test.

First, the FAC fails because Mr. Hawkins's label interpretation, which he admits is the same as in his initial Complaint, still fails as this Court already held; and he still does not sufficiently allege a plausible or particularized theory of falsity. (Mot. 9–20.) His Opposition fails to demonstrate otherwise.

#### 1.    Mr. Hawkins's Tweaked Label Interpretation Still Fails.

Mr. Hawkins's label interpretation alleged in the FAC remains implausible, for two independent reasons. (Mot. 19–20.) First, Mr. Hawkins admits his label interpretation is the same as in the initial Complaint, meaning it fails for the very reasons this Court dismissed it for

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

1 the first time around as implausible. Second, Mr. Hawkins fails to address, and thus concedes, that his testing allegations do not match the alleged representation. (Opp. 3–5.)

### a. Mr. Hawkins materially copies the prior dismissed theory.

*First*, the Court's prior dismissal order holding Mr. Hawkins's label interpretation failed in the first complaint, applies equally to his interpretation alleged in the FAC. (Mot. 19–20.) Acknowledging he cannot credibly *change* his label interpretation in his FAC, Mr. Hawkins concedes he simply removed the word "pure" from his FAC, but that as before, his claim remains "that reasonable consumers interpret the 'Avocado Oil' representation to mean that the Products contain only avocado oil and are not adulterated with other oil." (Opp. 3; *accord id.* at 1 ("Plaintiff's prior use of the word 'pure' was intended to convey the belief that the Product was only avocado oil"); *id.* at 5 ("Plaintiff's theory of liability has always been that the Product consists only of avocado oil.")). He fails to address the glaring problem in conceding his claim is the same: this Court already rejected this label interpretation, explaining that the label does not promise "'100%' avocado oil." 2025 WL 490063, at *4.

Indeed, the Court acknowledged and considered Mr. Hawkins's allegations that "the representation is deceptive because it falsely claims that the product contains only avocado oil," but found the label did not "make any such statement," as "[t]here is no assertion on the label that the avocado oil is 'pure' or '100%' avocado oil." *Id.* at *4. Mr. Hawkins fails to square how his FAC fixes this fatal problem—instead, he concedes he advances the same theory, and thus has not. Nor does he address meaningfully the Avocado Oil's back label disclosure that it may contain traces of other components, such as soy and coconut, which also precludes any interpretation that the product is "only" or "'100%' avocado oil." (Mot. 19–20.) He merely argues those components are not another oil (Opp. 8 n.3.), which, even if that mattered, is wrong—the *Washington Post* article specifically notes that soybean oil, i.e., soy, could be a potential adulterant oil. (ECF No. 26-1 at 11.).

Rather than address the Court's prior order, or distinguish Walmart's cited authority, Mr. Hawkins relies upon *Golikov v. Walmart Inc.,* 2025 WL 648532 (C.D. Cal. Feb. 27, 2025),

3

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

which is inapposite and not persuasive here.  *Golikov* explicitly departed from this Court's dismissal order, distinguishing the plaintiff's "only avocado oil" claim there from Mr. Hawkins's "pure" avocado oil claim here, and disregarding this Court's opinion as "of no moment." *Id.* at *3 & n.1 ("*Hawkins* is of no moment.").  But as Mr. Hawkins himself argues, there is no distinction between the two label interpretations, and thus no basis to diverge from the Court's prior dismissal order.  Moreover, the distinction in *Golikov* holds no water; the court distinguished the label interpretation of "pure avocado oil" in *Hawkins* from "only avocado oil" there because the former "relied on an implied representation of purity." *Id.* at *3 & n.1 ("Plaintiff does not rely on any implied terms.").  But "only avocado oil" likewise relies on an implied representation the label does not make—as this Court recognized in its dismissal order, when it explained that the label does not promise "'100%' avocado oil." 2025 WL 490063, at *4.  *Golikov* fails to address or distinguish that aspect of this Court's order.  Nor did *Golikov* address the back label disclosure advising that other components may be present.  *Golikov* does not change the result here.

The Court need look no further than its prior dismissal order, which already held Mr. Hawkins's label interpretation fails.  As Mr. Hawkins admits he advances the same failed theory, the Court may easily dismiss again, now with prejudice.

### b. The testing allegations don't apply to the claimed representation.

***Second***, Mr. Hawkins's label interpretation does not plausibly align with his falsity allegations, as nothing on the label represents compliance with Codex's then-evolving purity standard.  (Mot. 20.)  Mr. Hawkins fails to address this critical problem at all, and thereby concedes it.

And Mr. Hawkins cannot cure this problem: the standard or "fingerprint" he uses is not designed to prove the presence of other oils, but rather to gauge the "pur[ity]" of avocado oil. (FAC ¶ 31.)  But the Court has already held that reasonable consumers would not read the label to promise "pure avocado oil," 2025 WL 490063, at *4.  Mr. Hawkins's Codex standard simply

4

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

does not fit his amended "only avocado oil" claim. (Mot. 20; *infra* 8–11.) He admits the courts dismiss where—as here—the plaintiff "failed to establish a nexus between the testing and the representation at issue." (Opp. 12); *e.g.*, *Martin v. Omnit Labs Inc.*, 2023 WL 8190712, at *5 (C.D. Cal. Oct. 18, 2023) (dismissing mislabeling claims; "The significance of Plaintiff's scientific studies 'depends upon a comparison of the match between the representations at issue and the evidence that allegedly debunks them.'"). The Court should likewise dismiss here.

### 2. Mr. Hawkins Still Fails to Allege *How* or *Why* the Label Is Misleading.

Mr. Hawkins concedes his replacement of the word "pure" with "only" does not change his claims (Opp. 1, 3, 5), meaning his claims still suffer the same deficiencies as before: (a) his testing allegations are too vague, and are now contradicted by the incorporated materials he relies upon, to support the requisite plausible and particularized theory of falsity; (b) he fails to allege the details required under Rule 9(b) to state how the "Avocado Oil representation is misleading," 2025 WL 490063, at *4; and (c) he does not and cannot allege materiality.

#### a. The "Testing" Still Fails Plausibility Standards.

Walmart explained that Mr. Hawkins's testing allegations fail to establish plausible claims, for many independent reasons. (Mot. 11–16.) In response, he first argues that the Court need not evaluate the plausibility of testing allegations at this stage, and should just accept his vague and conclusory allegations, which is false. (Opp. at 5–6, 8–9.) Next, he attempts, but fails, to address the five flaws Walmart identified in Mr. Hawkins's "testing" allegations, which preclude his allegations from rising to a plausible and particularized claim. (Mot. 11–16; *see* Opp. 5–12.) Despite amendment, Mr. Hawkins still fails to fill in the gaps, or otherwise explain how his testing allegations can satisfy the threshold pleading standards. They do not.

##### (1) Contrary to Mr. Hawkins's Contention, He Must Allege Sufficient Testing to State a Plausible Claim.

As an initial matter, Mr. Hawkins, perhaps recognizing his testing allegations fall short, attempts to write off his failure to sufficiently allege testing as a "merits-based" deficiency not appropriate for evaluation at the pleadings, which is incorrect. (Opp. at 8–9; *accord id.* 5–6.)

5

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

1   This Court already dismissed his claims based, in part, on these failings, which he ignores. *Hawkins*, 2025 WL 490063, at *4. The Court specifically examined Mr. Hawkins's testing allegations and concluded his "complaint does not contain any ['sufficiently detailed' or 'plausible'] allegations. *Id.* (listing the many gaps in Mr. Hawkins's testing allegations). Further, Walmart cited ample authority in which courts dismissed at the pleadings based on the very testing allegation flaws his pleadings exhibit here, and rejecting Mr. Hawkins's argument. (Mot. 11–15, citing, *e.g.*, *Bounthon v. Procter & Gamble Co.*, 2024 WL 4495501, at *8–9 (N.D. Cal. Oct. 15, 2024) (dismissing claims premised on testing results allegedly showing presence of harmful chemical PFAS, as articles cited in complaint indicated testing standards were not a definitive indicator of PFAS); *Andrews v. Procter & Gamble Co.*, 2019 WL 6520045, at *3 (C.D. Cal. June 3, 2019) (rejecting plaintiff's argument that evaluation of testing is only appropriate at "summary judgment" and dismissing, as plaintiff's allegations "overstated" study's findings, which only concluded that product testing indicated harmful "PFASs *might* be present"); *Lowe v. Edgewell Personal Care Co.*, 711 F. Supp. 3d 1097, 1105 (N.D. Cal. 2024) (dismissing for failure to sufficiently allege testing results, and for failure to allege testing results sufficiently established product contained harmful PFAs).) **Mr. Hawkins fails to mention, let alone distinguish, these cases**.

His own cited Ninth Circuit case demonstrates, moreover, that courts *do* examine the sufficiency of testing at the pleadings to determine whether plaintiff plausibly stated a claim. In *Naimi v. Starbucks Corp.*, 798 F. App'x 67 (9th Cir. 2019) (cited at Opp. 9), the Ninth Circuit, when evaluating whether a beverage contained the promised amount of caffeine, went into detail analyzing the plaintiff's alleged "laboratory testing" of the beverage's caffeine content to determine the plaintiff "plausibly" alleged falsity—including the "20 samples" tested, the specific results, plaintiff's explanation for why the testing method was appropriate, and the alleged "independent[] statistical analysis" showing the difference in caffeine content was "statistically significant." 798 F. App'x at 69. In other words, the Ninth Circuit did not merely accept conclusory assertions that testing of some unspecified number of samples, with

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

6

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899


unspecified results, based on an uncertain and changing standard, somehow shows vague adulteration, as Mr. Hawkins asks the Court to do here. Rather, the Ninth Circuit closely examined the testing allegations to determine whether they plausibly supported falsity.[1] The same analysis here leads to only one conclusion: the testing allegations here do not.

Mr. Hawkins also cites to a bullet point list of cases to support his argument—the same cases he cited in his opposition to the prior Motion to Dismiss, meaning the Court has already considered and rejected them. *Compare* Opp. 9–10 (bullet-pointing cases), *with* Dkt. 14 at 3–6 (discussing same cases); *Hawkins*, 2025 WL 490063, at *4 (distinguishing *Koller v. Med. Foods, Inc.*, 2015 WL 13653887, at *3 (N.D. Cal. Jan. 6, 2015)). In any event, those cases are inapposite because the plaintiffs there, unlike here, alleged specific details regarding testing, results, and the manner of adulteration; or plausibly alleged the product contained none of the represented ingredient at all. (Opp. 10–11, citing *Koller*, 2015 WL 13653887, at *3 (disputed "extra virgin olive oil" did not satisfy "extra virgin" standards because it was "mixed with refined oil" and the "packaging and handling practices," including "bottling," allowed "degradation")[2]; *Webb v. Dr Pepper Snapple Grp.*, 2018 WL 1955422, at *5 (W.D. Mo. Apr. 25, 2018) (declining to dismiss Missouri claims, as testing allegations plausibly showed ginger ale contained *no* ginger); *Tye v. Wal-Mart Stores, Inc.*, 2016 WL 6138424, at *1–2 & nn.1, 4 (C.D. Cal. Apr. 26, 2016) ("rigorous scientific testing, including microscopic and chemical analysis" showed product labeled as "pork & beans" contained "no pork whatsoever").) Further, some of his cases discuss consumer "survey[s]," not scientific testing, and are thus irrelevant. *E.g.*, *Shalikar v. Asahi Beer U.S.A., Inc.*, 2017 WL 9362139, at *8 (C.D. Cal. Oct. 16, 2017)

---

[1] For this reason, *Golikov*'s apparent holding that a plaintiff need not allege facts to plausibly link their purchased product to testing, for which it cited to *Naimi*, is inconsistent with the authority in this Circuit requiring such plausible allegations. 2025 WL 648532, at *3 (cited at Opp . 6). Mr. Hawkins's other cited cases are in accord. (Opp. at 8, citing, e.g., *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (affirming dismissal; "While we appreciate that the discovery process is designed to enable a plaintiff like Evancho to undercover evidence that may support the allegations set forth in a complaint, a court is not required to assume that a plaintiff can prove facts not alleged.").)

[2] Further, the *Koller* court relied on its mistaken assumption that materials incorporated into the complaint "are not controlling as to whether the complaint states a claim," *Kroller*, 2015 WL 13653887, at *3; but the Ninth Circuit treats such materials as part of the complaint and "controlling" where they "contradict" more "general conclusion[s]" in the complaint, *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023). Walmart cited this authority in its Motion, and Mr. Hawkins fails to dispute it.

7

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

(evaluating allegations of consumer survey); *Joseph v. J.M. Smucker Co.*, 2019 WL 1219708, at *3 (C.D. Cal. Mar. 13, 2019) (same).[3]

Mr. Hawkins thus cannot sidestep this pleading requirement, which he fails to meet.

### (2)   Mr. Hawkins's Testing Allegations Fall Short.

Next, Walmart demonstrated the five, independent flaws in Mr. Hawkins's testing allegations, each of which shows the testing allegations cannot plausibly support his claims. (Mot. 11–15.) Mr. Hawkins's Opposition fails to demonstrate otherwise.

***First***, the UC Davis studies, which are incorporated into the FAC, make clear that the deviations in the fatty acid testing Mr. Hawkins relies upon may be caused by many factors, only one of which is adulteration, and that the testing is "still not completely understood." (Mot. 7–8, 13–14); Harper Decl. Ex. 3 at 3, Ex. 2 at 3, 6, 7. Indeed, the studies were not conducted to test directly for adulteration, but rather to compare products' chemical profiles against a proposed purity profile for avocado oil, and propose suggested levels for measuring avocado oil. (Mot. 7–8); Harper Decl. Ex. 3 at 3. Mr. Hawkins does not dispute this. Walmart cited authority that testing based on such uncertain standards cannot support a plausible claim, which Mr. Hawkins fails to address. (Mot. 13, citing *Bounthon,* 2024 WL 4495501, at *8; *Andrews*, 2019 WL 6520045, at *3.) Instead, he claims "possible alternative explanations" are "unpersuasive" at the pleadings stage unless they are "so likely to be true as to render the plaintiff's theory implausible." (Opp. 9, quoting *Golikov*, 2025 WL 648532, at *1.) Mr. Hawkins misses the mark. These cases only apply if *his* explanation is sufficiently plausible to begin with, but it is not. (*Id.*, citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (addressing circumstance where "there are two alternative explanations … both of which are plausible").) Given the uncertainty of the testing metrics he relies upon, which are actually meant to test for still

---

[3] Mr. Hawkins also relies on a distinguishable case where plaintiff alleged a label promising "100% Extra Virgin Olive Oil" was not 100% extra virgin olive oil. (Opp. 10); *Robinson v. J.M. Smucker Co.*, 2019 WL 2029069 (N.D. Cal. May 8, 2019). Walmart also respectfully posits that *Robinson* was incorrectly decided on consumer deception, particularly as to Rule 9(b). The court there held the allegations were sufficient under Rule 9(b), despite plaintiff not providing or alleging testing results, and even though the court apparently acknowledged the defendant could not prepare its defense without that information. *See id.* at *3 (noting plaintiff would "soon be required to disclose the testing results upon which her allegations are based so that Defendant can prepare its defense").

8

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

undefined "pur[ity]," FAC ¶ 31, and the admitted lack of understanding of the testing results, Mr. Hawkins's allegations, at most, suggest only the *possibility* of impurity or adulteration, and does not rise to *plausibility*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, 'it stops short of the line between possibility and plausibility.'"). His claims thus fall squarely under the authority *Walmart* cites—cases that neither Mr. Hawkins nor the *Golikov* court address, which find this shortcoming fatal to the claims. *Bounthon*, 2024 WL 4495501, at *8; *Andrews*, 2019 WL 6520045, at *3.

*Second*, Mr. Hawkins fails to allege that a sufficiently representative sample of bottles was tested to plausibly allege that any other bottle of Avocado Oil contains other oils, particularly given the variation in results among the same product, including the Avocado Oil samples here. (Mot. 14, citing *In re Avocado Oil Mktg. & Sales Practices Litig.*, -- F. Supp. 3d --, 2025 WL 428016, at *1 (J.P.M.L. Feb. 6, 2025).) Mr. Hawkins admits he is required to "sufficiently tie testing to the covered product," but fails to address this fatal flaw, and so concedes it. Opp. at 12; *Weekly v. United States*, 2023 WL 6796428, at *5 (E.D. Cal. Oct. 13, 2023) ("[A] plaintiff's failure to respond to a defendant's argument set forth in a dispositive motion constitutes waiver of that argument."); (Opp. at 9, explaining the Ninth Circuit in *Naimi* "conclud[ed] that testing of *representative samples* of the covered product" were sufficient (emphasis added).) His efforts to distinguish *Meyer v. Colavita USA Inc.*, 2011 WL 13216980, at *5 (M.D. Fla. Sept. 13, 2011)—which affirms these fatal flaws—fails. (Opp. 11–12; Mot. 12–13.) Mr. Hawkins argues that *Meyer* is distinguishable because some of the tested products passed half the state-adopted two-part test for extra virgin olive oil (*id.*), which is beside the point. *Meyer*'s holding remains directly applicable: "speculation and unwarranted extrapolation from [the] UC Davis Study's findings," based on "very small" "sample sizes" and "somewhat inconclusive results … paints a very incomplete" picture that falls short of plausibly alleging the extra virgin avocado oil is not extra virgin avocado oil. 2011 WL 13216980, at *5 ("Plaintiffs base their lawsuits on unwarranted deductions of fact and conclusory allegations in the hope that

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

discovery will in fact validate the foundation for their claims.").

*Third*, Mr. Hawkins relies on a changing and only-recently finalized standard in his testing, not adopted in the U.S., and for this additional reason, the test results, at most, can only *possibly* indicate adulteration, but do not *plausibly* allege the Avocado Oil contains other oils. (Mot. 14–15.) Mr. Hawkins does not dispute this so-called "fingerprint" has been in a proposed form and subject to revision until recently, including when he purchased his own Avocado Oil. Nor does he dispute the FDA has not adopted this standard, and it does not govern the Avocado Oil here. Rather, Mr. Hawkins merely parrots his ineffective allegations about the Codex standard, and adds some more, all of which make no difference. (Opp. 6–7.) Indeed, he again confirms the standard is intended to define a "pure" avocado oil, not to confirm that the oil in fact contains a particular type of other oil. (*Id.* at 7 (citing FAC ¶ 31).) Mr. Hawkins fails to explain how his moving target standards can plausibly establish any Avocado Oil contains another oil and in a material amount. Further, as discussed *supra* 6–8 (and Mot. 20), the label does not promise compliance with this inapplicable standard, and this Court has already rejected Mr. Hawkins's claim that the Avocado Oil represents it is "pure." 2025 WL 490063, at *4.

*Fourth*, Mr. Hawkins failed to allege the nexus between the testing he relies on and the bottle he purchased, and his cited studies preclude such showing. (Mot. 15–16, citing *Meyer*, 2011 WL 13216980, at *1–3.) Mr. Hawkins baldly claims the "UC Davis testing showed widespread adulteration in the avocado oil industry from a single or several sources," but cites nothing in support. (Opp. 9.) As noted above, the studies concluded no such thing and cautioned that testing results differed even among bottles of the same product. *Supra* 8–9; (Mot. 14–15.) Mr. Hawkins alleges no basis to extrapolate the few samples tested (even if they plausibly showed any Avocado oil contained any other oil), to any other bottle. He fails to overcome this additional defect.

*Fifth*, the Court need not even consider Mr. Hawkins's own "independent" laboratory testing, as he failed to allege the requisite, basic testing details. (Mot. 16, citing *Garland v. Kroger Co.*, 2025 WL 474914, at *7 (S.D. Cal. Feb. 12, 2025)); *Barton v. Procter & Gamble*

10

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

*Co.*, -- F. Supp. 3d --, 2025 WL 486180, at *8 (S.D. Cal. Feb. 13, 2025) (dismissing where "the FAC provides" the testing results "but no further information as to the laboratory that performed the testing or the form and date of testing"). In fact, this Court specifically identified various testing details Mr. Hawkins failed to allege when dismissing his prior complaint, including for example "specific facts as to any other oils or ingredients allegedly present in the Avocado Oil," *Hawkins*, 2025 WL 490063, at *4—Mr. Hawkins fails to recite, let alone answer, all of these questions. Rather, he makes the bare assertion that his "FAC contains extensive details regarding" his testing, without discussing any such allegations (there are none, *see* FAC ¶¶ 35–36, 44), and then goes on to cite the same cases he cited in his prior, unsuccessful opposition. (Opp. 9–11; *supra* 7–8 (distinguishing).) He still fails to specify the circumstances of the testing, any testing results, what non-avocado oil the testing revealed was present in his samples (if any), the amount of that oil, or the details or number of bottles tested. *Hawkins*, 2025 WL 490063, at *4; *see Barton*, 2025 WL 486180, at *8 ("To plausibly allege a presence of harmful substance claim, Plaintiffs are required to allege facts that testing disclosed presence of such substances in the accused product purchased.").[4]

In short, Mr. Hawkins fails to allege the plausible testing allegations necessary to state his claims. He still fails to allege the Avocado Oil contains anything other than avocado oil, and the Court should dismiss his claims with prejudices.

### b. The Allegations Still Fail to Provide Sufficient Notice.

Mr. Hawkins's allegations also do not satisfy Rule 9(b) because he fails to allege with particularity why or how the Avocado Oil is not refined avocado oil. (Mot. 16–18.) Mr. Hawkins's Opposition hardly mentions Rule 9(b), let alone identifies how the FAC provides the requisite particularized facts; nor does he explain how his amendments address the Court's prior order identifying several categories of missing details that merited dismissal of his initial Complaint (he cannot). Instead, he merely attempts (unsuccessfully) to distinguish two of the

---

[4] And as Walmart explained (Mot. 14), the UC Davis studies do not provide specific results for any bottle tested; rather the *Washington Post* article purports to include a vague, few-word summary of the results, which are insufficient to allege plausibly the Avocado Oil widely contains any specific amount of any particular oil as required to state his claim. Mr. Hawkins fails to address this, too.

11
WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

many cases cited by Walmart, cites to the unreasoned *Golikov*, and recites the generic definition of "adulteration." (Opp. 12–13.) None works.

As a threshold matter, Mr. Hawkins ignores the Court's prior holding that his allegations failed to explain "why the 'fatty acid and sterol profiles' mean that the avocado oil is not pure," "whether or how any such 'purity' was compromised during the manufacturing or processing process," or what "other oils or ingredients allegedly present in the Avocado Oil." *Hawkins*, 2025 WL 490063, at *4. Indeed, the FAC *still* leaves these questions—and more—unanswered. (Mot. 11–16). What exactly is in the Avocado Oil that is not avocado oil? How much? How was it introduced and when? Given the vague references to a handful of (differing) test results, Walmart *still* does not know.

Mr. Hawkins's attempts to distinguish Walmart's on point cases fails. He claims *McConnon* and Walmart's other cited cases do not apply because he deleted the word "pure" from his complaint, but fails to explain how that makes any difference—it does not. (Opp. 12.) This authority still makes clear that Mr. Hawkins must allege what is in the avocado oil that makes it not avocado oil, why, and the other circumstances of the alleged fraud. (Mot. 16–18.) Nor does the statutory definition of "adulteration" somehow substitute for these missing factual allegations. (Opp. at 12–13.) He also asks this Court to follow *Golikov*, which specifically departed from this Court's prior dismissal order, and in any case is not persuasive. There, the court apparently decided to overlook the missing particularized facts because "Defendant provides no authority suggesting that this level of detail is necessary," such as "how [any oil] was added to the Product" or the amount or type of such oil, and citing no authority to the contrary. *Golikov*, 2025 WL 648532, at *4. But ample authority exists establishing that these facts, among many others, are required under Rule 9(b)—including this Court's holding dismissing Mr. Hawkins's initial complaint (which, as noted *supra*, the *Golikov* court disregarded as "of no moment," 2025 WL 648532, at *3 n.1). (Mot. 16–18, citing, e.g., *Hawkins*, 2025 WL 490063, at *4); *Lowe*, 711 F. Supp. 3d at 1105 ("cursory" "testing allegations" that plaintiff conducted multiple types of testing on products in 2022 and 2023,

12

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

including fluorine testing to measure PFAS, showed they contained PFAS, were insufficient to state claims); *Garland*, 2025 WL 474914, at *7 (dismissing on this basis); *Barton*, 2025 WL 486180, at *8 (same). Mr. Hawkins offers no basis for the Court to depart from its own prior holding in this case, or the other ample authority establishing these details are required to satisfy Rule 9(b). As before, the Court should dismiss on this basis, this time with prejudice.

        **c.**        **The Allegations Preclude a Showing of Materiality.**

Mr. Hawkins also fails to allege the facts required to plead materiality, providing an additional reason to dismiss. (Mot. 18–19.) In response, Mr. Hawkins invokes the same irrelevant state court opinion he cited in the last round of briefing that evaluates materiality evidence under a "summary judgment-like" standard. (Opp. 13 (citing *Engalla v. Permanente Medical Grp., Inc.*, 15 Cal.4th 951, 977 (1997).)[5] He improperly tries to shift his pleading burden onto Walmart, arguing Walmart has to establish a jury would not reasonably find the Avocado Oil statement immaterial. (*Id.* 13–14.) But Walmart bears no such burden; rather, Mr. Hawkins must plead sufficient facts to show this alleged misrepresentation is material to reasonable consumers. (Mot. 18–19.) He fails to explain how his allegations make this showing (nor can he).

Apparently acknowledging this failing, he instead contends the representation by its "very nature" establishes materiality, citing irrelevant cases discussing materiality under the Lanham Act. (Opp. 14, citing *POM Wonderful LLC v. Purely Juice, Inc.*, 2008 WL 4222045, at *11–12 (C.D. Cal. July 17, 2008) (post-trial order discussing evidence of materiality); *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1248 (11th Cir. 2002) (reversing order granting preliminary injunction based on Lanham Act claim where district court "conflated the element of consumer deception with the element of materiality"). As Walmart explained (Mot. 18–19), simply pointing to the challenged representation itself fails to state

---

[5] His other cited cases are inapposite. In one, the defendant did not dispute materiality. (Opp. 9); *Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1081 (N.D. Cal. 2014) ("Defendant does not contend that its profile sharing practices would not be material to a reasonable consumer"). Another is an order denying class certification, which examined materiality from the inapposite predominance lens. (*Id.*, citing *Samet v. Proctor & Gamble Co.*, 2019 WL 13167115, at *7 (N.D. Cal. Jan. 15, 2019).)

13

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

materiality.  Mr. Hawkins still fails to allege how the product differed from the representations in a material way—he still does not identify what exactly is in the Avocado Oil that differs from a consumer's reasonable expectations, or how it is material, particularly as the label did not state "100% avocado oil" and expressly advised it may contain other components such as soy.  (Mot. 18–19.)[6]  His claims fail on this additional basis.

### B.     Mr. Hawkins's Claims Fail for Additional, Claim-Specific Reasons.

#### 1.     Mr. Hawkins's Implied Warranty Claim Fails.

Mr. Hawkins's implied warranty claim fails for the additional reason that he does not and cannot plead that his avocado oil was not fit for consumption.  (Mot. 21.)  Mr. Hawkins concedes he does not plead this key allegation.  (Opp. 14.)  Further, as noted above, the FAC allegations, like those in the initial Complaint, still "fail to sufficiently allege facts showing a representation concerning the Avocado Oil that would mislead a reasonable consumer."  2025 WL 490063, at *5.  As the Court held before, this is also fatal to Mr. Hawkins's claim for breach of the implied warranty.  *Id.*  The Court should dismiss this claim here too, now with prejudice.  *Id.*

#### 2.     Mr. Hawkins Fails to Allege the Fraudulent Intent Required to State His Intentional Misrepresentation Claim.

Mr. Hawkins's intentional misrepresentation claim also fails because he does not sufficiently plead fraudulent intent.  (Mot. 22.)  Mr. Hawkins responds by reciting the unremarkable principle that Rule 9(b) does not apply to a defendant's intent.  (Opp. 15–16.)  He cites no cases, however, to support his contention that his conclusory and contradictory allegations are sufficient to allege intent.  As Walmart's cited cases establish (and which he fails to address), they are not.  (Mot. 22.)  Because he fails to allege "specific facts to suggest" Walmart had fraudulent intent, his intentional misrepresentation claim fails.  *See Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *9 (N.D. Cal. May 18, 2012).

---

[6] Even his own cited cases identify what exactly is in the product that renders the label materially misleading.  *Kanan v. Thinx Inc.*, 2021 WL 4464200, at *1, 4–5 (C.D. Cal. June 23, 2021) (alleging product contains "short-chain PFAS chemicals [] at material and above trace amounts" despite representations it was "free of harmful chemicals" with detailed allegations explaining why PFAS are harmful).

14
WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899

### 3. The Claim For Punitive Damages Is Subject to Dismissal.

Mr. Hawkins fails to state the facts required to support his request for punitive damages claim. (Mot. 22–23.) Mr. Hawkins concedes he fails to allege such facts and admits he lacks the basis to do so. (Opp. 16–17 ("Discovery will reveal the identities of any responsible corporate officers, directors, or managing agents who perpetrated, authorized, or knowingly ratified the fraudulent conduct alleged in the FAC.").) He contends courts cannot dismiss claims for punitive damages, but ignores and fails to distinguish Walmart's numerous cited cases where courts do just that when the allegations are insufficient to support such a request. (Mot. 22–23 (citing cases).) The Court should dismiss Mr. Hawkins's admittedly baseless punitive damages claims.

## III. DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND.

For the many reasons above, Mr. Hawkins's FAC remains fatally deficient, and should be dismissed in its entirety, with prejudice. Mr. Hawkins has already had the opportunity to amend, with the benefit of the Court's order identifying many specific pleading deficiencies, but he still fails to state his claims. Indeed, Mr. Hawkins, without explanation, fails to take even the simple steps of attaching his laboratory testing, or alleging the details of this laboratory testing he purports to rely upon to bring his claims (like which samples were tested, how many, when, the laboratory, testing results, etc.), nor does he allege how those samples can be extrapolated to any other bottle. His decision not to include this information in his FAC demonstrates he cannot or will not, as it presumably undermines his claims. Beyond these deficiencies however, he simply cannot allege facts that would bridge the gap between the "fingerprint" purity standard he uses and the representations actually made on the label—a problem that cannot be cured (among several other incurable defects). The Court should therefore dismiss the FAC, with prejudice.

DATED: May 23, 2025

DAVIS WRIGHT TREMAINE LLP
JACOB M. HARPER
HEATHER F. CANNER

By: *s/ Jacob M. Harper*

Attorneys for Defendant Walmart Inc.

15

WALMART'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
Case No. 1:24-CV-00374-KES-SKO

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., SUITE 2700
LOS ANGELES, CALIFORNIA 90071-3487
(213) 633-6800
Fax: (213) 633-6899